PEOPLE v TROTTER

1. APPEAL AND ERROR—CRIMINAL LAW—TRIAL—MOTIONS—DIRECTED
    VERDICT OF ACQUITTAL—SUFFICIENCY OF EVIDENCE.

    An appellate court tests the correctness of the denial of a motion
    for a directed verdict of acquittal by taking the evidence
    presented by the prosecution in the light most favorable to the
    prosecution and deciding if there was any evidence upon which
    the trier of fact could predicate a finding of guilty.

2. CRIMINAL LAW—TRIAL—MOTIONS TO DISMISS—DIRECTED VERDICT OF
    ACQUITTAL— JURY—SUFFICIENCY OF EVIDENCE.

    The issue presented in a motion to dismiss by directing a verdict
    of acquittal is whether sufficient evidence has been produced to
    support a conviction; the jury, as trier of fact, is the final judge
    of credibility and the question of the sufficiency of the evidence
    is one for the jury unless there is no evidence at all upon a
    material point.

3. CRIMINAL LAW—SETTING FIRE TO PLACE OF ABODE—INSTRUCTIONS
    TO JURY—ORDINARY NEGLIGENCE—GROSS NEGLIGENCE—WILFUL
    OR WANTON MISCONDUCT—CIVIL STANDARD JURY INSTRUCTIONS
    —STATUTES.

    Jury instructions which closely parallel the Civil Standard Jury
    Instructions on negligence given in a criminal trial for negli-
    gently setting fire to a place of public abode are appropriate
    and sufficiently complete because the statute refers to ordinary
    negligence; there is no requirement that a showing of wilful or
    wanton misconduct or gross negligence be made by the prosecu-
    tion (MCLA 750.496; MSA 28.764[1]).

Appeal from Washtenaw, Ross W. Campbell, J. Submitted May 4, 1977, at Lansing. (Docket No. 29813.) Decided June 8, 1977. Leave to appeal denied, 401 Mich —.

Robert W. Trotter was convicted of negligently

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 886.
[3] 21 Am Jur 2d, Criminal Law §§ 84, 87.

setting fire to a place of public abode. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*O'Brien, Moran & Dimond,* for defendant on appeal.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. The defendant was charged with maliciously burning real property, MCLA 750.73; MSA 28.268, in connection with a February, 1975, fire at the Ann Arbor Inn in Ann Arbor, Michigan. At trial, the jury was instructed as to the elements of this offense and also a lesser included offense of negligently setting fire to a place of public abode, MCLA 750.496; MSA 28.764(1). The jury found the defendant guilty of the lesser included offense only. Defendant appeals, raising two issues: (1) Did the trial court err in denying his motion for a directed verdict of acquittal as to the principal charge? (2) Did the trial court err in its instructions to the jury defining negligence as used in the statute defining the lesser included offense?

We answer both questions in the negative, and affirm the conviction.

1. The defendant made timely motion for a directed verdict of acquittal, on the basis that the prosecution had not presented proof beyond a reasonable doubt as to each element of the principal offense. The trial judge denied the motion for a directed verdict because the prosecutor had pre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sented at least some evidence on each element of the offense. However, the trial judge admitted that he did not feel that the guilt of the defendant as to the principal offense had been proved beyond a reasonable doubt.

In the past there has been considerable confusion in the appellate courts of this state about which of the tests should be used; see for instance *People v Royal,* 62 Mich App 756, 758, fn 2; 233 NW2d 860 (1975). The Supreme Court has now laid any uncertainty to rest.

From *People v Garcia,* 398 Mich 250, 256; 247 NW2d 547 (1976):

"Initially, we consider defendant's claim that the trial court improperly refused to direct a verdict of acquittal at the close of the prosecution's proofs. An appellate court tests the correctness of the denial of such motion by taking the evidence *presented by the prosecution* in the light most favorable to the prosecution and deciding if there was any evidence upon which the trier of fact could predicate a finding of guilty of murder in the first degree. *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975). *People v Abernathy,* 253 Mich 583; 235 NW 261 (1931). To the extent that the case of *People v Qualls,* 9 Mich App 689; 158 NW2d 60 (1968), holds to the contrary, it is expressly overruled."

From *People v Johnson,* 397 Mich 686, 687; 246 NW2d 836 (1976):

"The issue presented in a motion to dismiss is whether sufficient evidence has been produced to support a conviction. In this case, there is more than sufficient evidence to convict the defendants of first-degree murder. As the trier of fact, the jury is the final judge of credibility. *People v Dobine,* 371 Mich 593, 598; 124 NW2d 795 (1963). The question of the sufficiency of the evidence is one for the jury unless there is no

evidence at all upon a material point. *People v Abernathy,* 253 Mich 583, 587; 235 NW 261 (1931)."

The trial court clearly chose the right standard to apply to the defendant's motion for a directed verdict of acquittal.

2. Defendant claims that the statute under which the defendant was convicted requires a showing by the prosecution of wilful or wanton misconduct, or gross negligence. We disagree. This statute refers to ordinary negligence, and the court's instructions closely paralleling the Michigan Civil Standard Jury Instructions were appropriate and sufficiently complete. At least one other similar statute has been similarly interpreted: *People v Campbell,* 237 Mich 424; 212 NW 97 (1927), as to our negligent homicide statute.

Affirmed.