PEOPLE v PRATTON

PEOPLE v THOMPSON

1. Criminal Law—Appeal and Error—Instructions to Jury—
   Waiver of Objection.

   A defendant who requested a specific curative instruction to the
   jury after the trial court erroneously submitted to the jury the
   question of whether the prosecution used due diligence in its
   attempt to produce a res gestae witness and who requested no
   further relief after the court complied with the request for the
   curative instruction indicated that he was satisfied with the
   remedy at trial and may not seek alternative forms of relief in
   the Court of Appeals.

2. Criminal Law—Motions—Directed Verdict—Evidence—Ele-
   ments of Crime Charged.

   A criminal defendant's motion for a directed verdict is properly
   denied where some evidence is produced establishing each of
   the elements of the crime charged.

3. Criminal Law—Evidence—Intoxication—Alcoholism.

   A trial court did not abuse its discretion by excluding offered
   testimony where a defendant sought to support his defense of
   intoxication by introducing evidence of his alcoholism and
   where the proffered witnesses could not testify regarding the
   defendant's state of mind or degree of intoxication on the day
   of the crime.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted October 12, 1977, at Detroit.
(Docket Nos. 30476, 30477.) Decided November 14,
1977.

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 562 et seq.
[2] 75 Am Jur 2d, Trial § 489.
[3] 29 Am Jur 2d, Evidence §§ 156, 439.
   30 Am Jur 2d, Evidence §§ 1160, 1176.

John E. Pratton and David Thompson were convicted of armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Walter J. Piszczatowski,* Assistant Prosecuting Attorney, for the people.

*Leonard Townsend,* for defendants.

Before: D. E. HOLBROOK, P. J., and N. J. KAUF-MAN and J. E. MCDONALD,* JJ.

PER CURIAM. Defendants were convicted by a jury of armed robbery, contrary to MCLA 750.529; MSA 28.797, and sentenced to a term of from 3-1/2 to 20 years imprisonment. They appeal as of right.

Defendants contend that the trial court erred by denying their motion to dismiss based on the prosecutor's failure to produce a res gestae witness. We find that the trial court erred in submitting the issue of due diligence to the jury because as a matter of law it could not have found due diligence, *People v Yarborough,* 61 Mich App 303; 232 NW2d 394 (1975). However, defendants' requested remedy was an instruction that the jury could draw unfavorable inferences from the prosecutor's failure to produce the witness. The trial court complied with that request. Defendants did not, thereafter, request further relief. We construe the totality of circumstances as equivalent to a waiver of any previous objection. Defendants were satisfied with this remedy at trial; they cannot now seek alternative forms of relief in this Court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendants next allege that the trial court erred by refusing to grant defendants' motion for a directed verdict. As the prosecutor produced some evidence establishing each of the three elements of armed robbery, defendants' motion was properly denied. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), *People v Trotter,* 76 Mich App 260; 256 NW2d 585 (1977).

Defendants also challenge the trial court's decision to direct a more restrictive question to the prospective jury panel at voir dire than that specifically requested by defense counsel. The trial court would not have been inconvenienced to ask the broader question; nevertheless, its refusal cannot be termed an abuse of discretion. *People v Harrell,* 398 Mich 384; 247 NW2d 829 (1976).

Defendants' allegation that the trial court erred in its instruction to the jury on the defense of intoxication is frivolous. The instruction was modeled after the Michigan Criminal Jury Instructions on specific intent and the defense of intoxication and clearly satisfies the criteria of *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973).

Defendants' final assertion of error is without merit. Defendant Thompson sought to introduce evidence of his history of alcoholism in order to support his defense of intoxication. The trial court excluded the testimony, stating that the proposed evidence did not tend to support the defendants' contention that they were intoxicated at the time the offense occurred. Although the question is a close one, we cannot say that the trial court abused its discretion in excluding this testimony. *People v Ebejer,* 66 Mich App 333; 239 NW2d 604 (1976). The proffered witnesses could not testify regarding the defendants' state of mind or degree

of intoxication on the day of the crime. Since intoxication rather than alcoholism was the defense in this case, it was not unreasonable for the trial court to conclude that such lack of knowledge precluded the possibility of relevant testimony tending to bolster the defense.

Finding no reversible error, we therefore affirm.
Affirmed.