PEOPLE *v.* WALMA

Criminal Law—Appeal and Error—Prosecutor's Indifference
to Appeal—New Trial.

Prosecutor's failure to file written or other objections to defendant's appeal or any motion to affirm or to respond to a notice
of oral argument leads the Court of Appeals, in view of the
questions raised on the trial court's refusal to allow testimony of alibi witnesses because of a failure to file notice of
alibi defense, to conclude that the prosecution agrees that
reversible error was committed or that the prosecution does
not object to reversal and remand for a new trial.

Appeal from Allegan, Chester A. Ray, J.  Submitted Division 3 June 3, 1970, at Grand Rapids.
(Docket No. 7,455.)  Decided August 27, 1970.

John Walma, Jr., was convicted of having carnal
knowledge of a female under age 16.  Defendant
appeals.  Reversed and remanded for new trial.

*Donald H. Hann,* for defendant on appeal.

Before: T. M. Burns, P. J., and Fitzgerald and
Byrns,* JJ.

Per Curiam.  Defendant was convicted of statutory rape of his 14-year-old stepdaughter.  The

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Reference for Points in Headnote
4 Am Jur 2d, Appeal and Error § 267 *et seq.*

crime allegedly occurred in the home of the defendant.

The defendant's sole defense, according to the record, was that he was not at home when the alleged offense occurred.

His trial counsel sought to present alibi witnesses (the defendant's parents and brother) at the trial, but the trial court refused to allow such evidence because defense counsel failed to file the four-day notice of alibi defense required by statute. MCLA § 768.20 (Stat Ann 1962 Rev § 28.1043).

Defendant in this appeal, noting that his only defense was alibi and claiming that any failure to file such notice was that of his counsel, asserts that the trial court committed reversible error in excluding alibi testimony since this was his only defense and therefore was an abuse of judicial discretion.

The record does not show that at the trial the prosecutor claimed that the proposed alibi testimony came as a surprise to the people, or that the people could not forthwith or with a short adjournment or delay prepare and meet such testimony.

Defendant also claims reversible error because unrequested, the trial judge gave instructions, which defendant claims called attention to the fact that he did not testify.

Defendant's counsel not only briefed this Court on his position on the law and the facts, but further appeared before this Court and orally argued the same.

Though provided ample opportunity, the prosecutor failed to file any written or other objection to the appeal, any motion to affirm, or any brief in this case. Further, though noticed of the time and place for oral argument before this Court, no one from the Allegan prosecutor's office appeared to

orally argue or even notified the Court that it would or would not argue the same.

In view of the lack of any opposition whatever by the Allegan County prosecutor we are led to the inevitable conclusion that the prosecutor, if he does not by such total inaction or indifference agree with the defendant that reversible error was committed, at least does not object to reversal and remand for a new trial which we accordingly do, particularly in view of the questions raised.

Reversed and remanded for a new trial.