PIROSKO v HEISER. Appeal from Clare, Robert H. Campbell, J. Submitted Division 3 April 5, 1972, at Lansing. (Docket No. 12363.) Decided May 4, 1972.

*Donald E. Holbrook, Jr.,* for plaintiffs.

*Charles C. Legatz,* for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and TARGONSKI, JJ.

MEMORANDUM OPINION. Plaintiff was granted a judgment for specific performance of a contract and defendant appeals.

An examination of the record and briefs discloses no prejudicial error.

Affirmed.

PEOPLE v WALMA. Appeal from Allegan, Wendell A. Miles, J. Submitted Division 3 April 6, 1972, at Grand Rapids. (Docket No. 12374.) Decided May 5, 1972.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George A. Greig,* Prosecuting Attorney, for the people.

*John B. Nahan,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and BORRADAILE, JJ.

MEMORANDUM OPINION. Defendant is before this Court for the second time.

He was originally convicted of statutory rape (MCLA 750.520; MSA 28.788), which conviction was reversed and remanded for new trial. *People v Walma,* 26 Mich App 326 (1970).

Thereafter defendant was again charged with statutory rape and also with taking indecent liberties with a child under 16 (MCLA 750.336; MSA 28.568). Defendant pled guilty to the latter count and was sentenced to serve 7-1/2 to 10 years.

Defendant now claims that he was sentenced for rape, not for taking indecent liberties, and that the trial court, in sentencing, should have been limited to a consideration of defendant's testimony at arraignment. The latter claim is clearly contrary to settled law. *People v Losinger,* 331 Mich 490 (1951); *People v Giacalone,* 23 Mich App 163 (1970). This Court will reverse a sentence which is within the statutory maximum only in the most extraordinary circumstances. *People v Pate,* 2 Mich App 66 (1965).

Affirmed.