PEOPLE v HATFIELD

CRIMINAL LAW—APPEAL AND ERROR—PROSECUTION INDIFFERENCE TO
APPEAL—NEW TRIAL.

A defendant's allegations on appeal that the prosecutor by action
or inaction failed to discharge his duty of insuring the defend-
ant a fair trial must be viewed as admissions that the prejudice
complained of does exist, where the prosecutor fails to respond,
and the Court of Appeals will not expend its time and resources
to ascertain whether the prosecutor's indifference was proper in
a given case but will reverse the defendant's conviction and
remand for a new trial.

Appeal from Cass, James E. Hoff, J. Submitted
Division 3 January 4, 1973, at Grand Rapids.
(Docket No. 13006.) Decided March 29, 1973.

Abslom R. Hatfield was convicted of aiding and
abetting the commission of a breaking and enter-
ing with intent to commit larceny. Defendant
appeals. Reversed and remanded with instructions.

*John B. Phelps,* Assistant State Appellate De-
fender, for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and
VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was charged and con-
victed by a jury of aiding and abetting in the
commission of the breaking and entering a grocery
store with intent to commit a larceny therein,

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 778.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 750.110; MSA 28.305, MCLA 767.39; MSA 28.979. Defendant was sentenced to a prison term of three to ten years and appeals as of right.

Basically, the theory of the prosecution was that defendant aided and abetted three teenagers, who carried out the actual robbery. The prosecutor endorsed and called two of the three accomplices. The third accomplice was not endorsed by the prosecutor until ordered to do so by the trial judge during trial; however, the third accomplice was never produced at trial. The theory of the defense was alibi.

Defendant, on appeal, filed an 81-page brief raising numerous errors, the most important of which included: (1) whether the prosecutor has a duty to endorse and call an alleged eyewitness accomplice where he has endorsed and called two other eyewitness accomplices?; (2) whether the prosecutor exercised due diligence in attempting to secure the third accomplice after being ordered by the trial court to endorse said person?; and (3) whether the prosecutor's closing argument denied defendant his right to a fair trial? The prosecutor failed to respond in any manner to the allegations of error set forth in defendant's brief.

It should be noted that each of the above-noted allegations of error involve the question of whether defendant was prejudiced by some action or inaction on the part of the prosecutor. Defendant, in essence, asserts that the prosecutor failed to properly discharge his duty of insuring that defendant be assured a fair trial. The prosecutor's failure to respond to these allegations must be viewed by this Court as admissions that the complained-of prejudice does exist. *People v Walma,* 26 Mich App 326 (1970).

Despite the fact that this Court in *Walma* placed

the prosecutors on notice that their failure to respond to defendants' allegations would be treated as admissions that such allegations were true, this Court has continued to be plagued with criminal appeals in which the prosecutor has failed to respond. This, in turn, has placed this Court in the uncomfortable position of having to first act as the prosecutor's advocate, and then render a decision on the merits.

Where, as here, the issues go to the question of prejudice caused by the prosecution's actions, the prosecutor's failure to respond speaks as loudly as a verbal admission of error. Since the prosecutor is apparently willing to accede to the allegations of prejudice raised by defendant, this Court sees no reason to expend its time and resources to attempt to ascertain whether the prosecutor's indifference was proper in a given case. We therefore reverse defendant's conviction and remand the matter to the trial court.

If on retrial the prosecutor attempts to impeach defendant's credibility by reference to his court-martial conviction, the trial court shall determine if such evidence is admissible in light of *People v Farrar,* 36 Mich App 294 (1971).

Reversed and remanded for proceedings not inconsistent with this opinion.