PEOPLE v SAMUEL SMITH

Docket No. 77-2193. Submitted June 12, 1978, at Grand Rapids.—
Decided August 22, 1978.

Defendant Samuel Smith and his wife were joint owners of a
house in Saginaw. The house was reputed to be a "fortress" for
the sale of narcotics. A police informer with marked money
entered the house and returned with two foil packets of heroin.
Later, defendant was arrested as he exited the house, and was
found to be carrying some of the marked money. The house
contained drug paraphernalia and other people lived there.
Defendant did not deny that the informer bought heroin from a
person in the house, but claimed he knew nothing about it and
that he did not know the informer and consequently never
agreed to deliver anything to anybody. Samuel Smith was
convicted of delivery of heroin and conspiracy to deliver heroin
in Saginaw Circuit Court, Joseph R. McDonald, J. Defendant
appeals, alleging that the trial court should have directed a
verdict of acquittal on the ground that the evidence was insuffi-
cient to support the charges against him, that the court's
instructions misled the jury as to the proofs necessary for
conviction on each offense and that the court committed revers-
ible error in denying a legitimate defense request for clarifying
instructions and in admitting evidence of other drug purchases
at a house co-owned by defendant where such evidence did not
show similar acts by him and was not determined to be more
probative than prejudicial. *Held:*

Except for the marked money, which could have been turned

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trials §§ 548-558.
[2] 5 Am Jur 2d, Appeal and Error § 608.
[3, 4] 29 Am Jur 2d, Evidence §§ 163-165, 1091, 1125.
[5] 16 Am Jur 2d, Conspiracy §§ 1, 7-11, 43.
[6] 16 Am Jur 2d, Conspiracy §§ 9, 10, 35, 36.
[7] 5 Am Jur 2d, Appeal and Error § 894.
[8] 75 Am Jur 2d, Trial §§ 713, 715.
[9] 75 Am Jur 2d, Trial § 727 *et seq.*
[10, 11] 29 Am Jur 2d, Evidence § 298 *et seq.*
Admissibility in federal conspiracy prosecution of evidence of de-
fendant's similar prior criminal act. 20 ALR Fed 125.

over to defendant by other people in the house for rent, a loan, or other purposes, no evidence was presented to connect Samuel Smith with the charges against him; therefore, failure to grant defendant's motion for a directed verdict was error. A jury instruction which omitted a necessary element and permitted the jury to convict the defendant of a conspiracy with which he was never charged was erroneous. The introduction of evidence of other drug purchases at a house co-owned by the defendant was erroneous because the similar acts statute requires that the acts sought to be introduced must have been committed by the defendant and not by others. Where such evidence is presented, the trial judge must use his discretion to determine whether any probative value is outweighed by potential prejudice. The trial court abused its discretion in allowing the admission of this evidence under the similar acts statute.

Reversed, defendant discharged.

1. CRIMINAL LAW—BURDEN OF PROOF—ELEMENTS OF CRIME—DIRECTED VERDICT.

A prosecutor has the burden of producing some evidence on each material element of the crime charged and if the prosecution does not establish some evidence on each element, a motion for a directed verdict of acquittal should be granted; the test to be applied on a motion for a directed verdict of acquittal is not whether the evidence presented proves guilt beyond a reasonable doubt but whether there is any evidence at all on each material element of the offense.

2. APPEAL AND ERROR—CRIMINAL LAW—TRIAL—MOTIONS—DIRECTED VERDICT OF ACQUITTAL—SUFFICIENCY OF EVIDENCE.

An appellate court tests the correctness of the denial of a motion for a directed verdict of acquittal by taking the evidence presented by the prosecution in the light most favorable to the prosecution and deciding if there is any evidence upon which the trier of fact could predicate a finding of guilty.

3. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—BURDEN OF PROOF.

The prosecution has the burden of proving that there is no innocent theory possible which will, without violation of reason, accord with the facts where the people's case is based on circumstantial evidence.

4. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—INFERENCES—BURDEN OF PROOF—INFERENCES ON INFERENCES—IMAGINATION.

A prosecutor must prove beyond any reasonable doubt the facts

from which inferences of guilt are drawn; where guilt in a criminal matter is sought to be proved by circumstantial evidence the inferences must be such as will admit of no other rational conclusion; inferences cannot be built on inference and a person cannot be convicted on imagination.

5. Conspiracy—Unlawful Agreement—Definition—Proof of Crime.

The gist of the offense of conspiracy lies in an agreement between two or more persons to further, promote, or cooperate in an unlawful enterprise; to prove the crime of conspiracy it must be established that the intent of that unlawful purpose, including that knowledge, was possessed by more than one individual since there can be no conspiracy without a combination of two or more persons.

6. Criminal Law—Inferences—Joint Ownership—Intent to Deliver—Heroin.

The fact that a person was a joint owner of a house where narcotics were sold to an undercover police officer and was apprehended as he exited the home with the undercover police agent's marked money on his person does not indicate or support a fair inference that the defendant entertained a specific intent to deliver heroin or any of the contents of the house.

7. Appeal and Error—Instructions to Jury—Claims of Error—Review Entire Instructions.

The Court of Appeals reads instructions to the jury in their entirety when reviewing claims of instructional error.

8. Conspiracy—Instructions to Jury—Element of Crime Omitted—Error.

An instruction to the jury which omitted the necessary element that the jury must find a conspiracy between a defendant, charged with delivery and conspiracy to deliver heroin, and a police informer, and which permitted the jury to find the defendant guilty of a conspiracy between himself and someone other than the police informer was erroneous because it permitted the jury to convict defendant of a conspiracy with which he was never charged.

9. Criminal Law—Instructions to Jury—Defendant's Theory—Requests to Instruct—Statement of Theory—Court Rules.

Failure of the trial court to summarize a defendant's theory of the case was not error where counsel neglected to make such a

request or submit a statement thereof to the trial court (GCR 1963, 516.7).

10. Evidence—Criminal Law—Similar Acts—Acts of Defendant— Acts of Others—Motive and Intent—Statutes.

The similar acts statute allows prosecutors to prove guilt by introducing into evidence other similar acts of a defendant which show motive and intent; the acts however, must be committed by the defendant and not by others (MCL 768.27; MSA 28.1050).

11. Evidence—Criminal Law—Similar Acts—Motive or Intent— Probative Value—Potential Prejudice—Statutes.

A trial judge must use his discretion to determine whether any probative value is outweighed by potential prejudice where evidence of a defendant's similar acts is presented to prove motive or intent (MCL 768.27; MSA 28.1050).

*Barbara R. Levine,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, Jr., P. J., and R. B. Burns and W. Van Valkenburg,* JJ.

W. Van Valkenburg, J. Defendant was jury convicted of delivery of heroin contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a) and conspiracy to deliver heroin contrary to MCL 750.157a(a); MSA 28.354(1)(a). He was sentenced to concurrent terms of from 10 to 20 years and appeals as of right.

An understanding of the issues in the present case requires a brief statement of the pertinent facts. Samuel Smith and Helen Smith, husband and wife, jointly own property at 420 South Thirty-First Street, Saginaw, Michigan, which was alleged to have been a "fortress" for the sale of narcotics to middlemen, who in turn sold to consumers. On April 6, 1976, Detective Sergeant Clif-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ford DeFeyter, while acting as an undercover agent under the alias of "Butch", delivered $140 in marked money to one James Choyce. The latter entered the house and returned with two metal foil packets which proved to contain heroin.

About two or three hours later a crew of officers arrived on the scene and observed defendant exiting the home. He was arrested and found to be carrying $849 of which $135 matched the serial numbers of the money given to Choyce by Officer DeFeyter.

A search of the premises, after a warrant was obtained, revealed that people lived there and that various drug paraphernalia, including two bags of a reducing agent, a measuring spoon and a square piece of mirror, were kept in the kitchen and bathroom.

Defendant based his defense on the theory that the evidence did not support the charges set forth in the information. He did not deny the fact that Choyce bought heroin from a person in the house, but claimed that he knew nothing about it. He also argued that he did not know Choyce and consequently never agreed to deliver anything to anybody.

Defendant has presented five issues for consideration.

I.

Defendant first contends that the trial court committed reversible error in failing to direct a verdict of acquittal at the close of the people's case on the ground that the evidence was insufficient to support a conviction on the delivery and conspiracy charges.

For assistance we quote in part the guidelines

set forth in 2 Gillespie, Michigan Criminal Law & Procedure (1978 rev 2d ed), § 632, p 238:

"Reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense. However, if the prosecution, without the aid of defendant's proofs, does not establish some evidence on every element, a directed verdict for acquittal or a motion to dismiss must be granted. If there is no evidence at all on any one of the elements, the motion must be granted and it is reversible error to fail to do so.

"The test to be applied on a motion for a directed verdict is not whether the evidence presented proves guilt beyond a reasonable doubt but whether there is any evidence at all on each material element of the offense. If there is, then the trial should proceed to conclusion, at which time the fact finder then decides whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt. An appellate court tests the correctness of the denial of a motion to direct a verdict of acquittal by taking the evidence presented by the prosecution in the light most favorable to the prosecution and deciding if there was any evidence upon which the trier of fact could predicate a finding of guilty. A reviewing court must determine whether that evidence, if credible and believed, would justify a reasonable man in concluding that all elements of the crime were established beyond a reasonable doubt.

"In passing on a motion for a directed verdict of acquittal the court may only consider the evidence which has been introduced at the time the motion is made, * * * ."

The above rules are set out in: *People v DeClerk,* 400 Mich 10, 17; 252 NW2d 782 (1977), *People v Garcia,* 398 Mich 250, 256; 247 NW2d 547 (1976), *People v Killingsworth,* 80 Mich App 45, 48; 263 NW2d 278 (1977), *People v Trotter,* 76 Mich App 260, 262; 256 NW2d 585 (1977), *People v Royal,* 62 Mich App 756, 758; 233 NW2d 860 (1975).

As may be gleaned from the facts, the evidence here was entirely circumstantial and will be governed by the rule promulgated in *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972):

"The established rule is that where the people's case is based on circumstantial evidence the prosecution has the burden of proving 'that there is no innocent theory possible which will, without violation of reason, accord with the facts'." (Citations omitted.)

A similar statement of the rule can be found in *People v Jablonski,* 70 Mich App 218, 225; 245 NW2d 571 (1976):

"We agree with defendant that the test was stated in *People v Sessions,* 58 Mich 594, 606; 26 NW 291 (1886), that where guilt in a criminal matter is sought to be proved by circumstantial evidence, the facts from which the inferences are drawn must be proved beyond any reasonable doubt, and the inferences must be such as will admit of no other rational conclusion."

See *People v Ridgeway,* 74 Mich App 306, 316; 253 NW2d 743 (1977).

While a reasonable inference may be drawn from an established fact, inferences cannot be built on inferences. *People v Atley,* 392 Mich 298, 314–315; 220 NW2d 465 (1974).

Furthermore, a person cannot be convicted on imagination. *Brownell v People,* 38 Mich 732, 737 (1878).

Was there a conspiracy between Choyce and defendant to deliver heroin? The record shows that the drug was secured from another person, not defendant, and no evidence was presented which would lead a reasonable person to believe that

Smith had any knowledge of the sale to Sgt. DeFeyter.

Therefore, it is difficult to conclude, under these circumstances, that any type of agreement existed between the two men. That being the case, the prosecutor failed to meet the tests as set forth in *Atley, supra,* at 310–311:

"Therefore, defendant's intent to sell marijuana must be established in the present case, and to establish that intent, there must be evidence of knowledge of the unlawful purpose of sale. To prove the crime of conspiracy, however, it must further be proven that that intent, including that knowledge, was possessed by *more than one* individual since there can be no conspiracy without a combination of two or more persons. *People v DiLaura,* 259 Mich 260; 243 NW 49 (1932). Where only one person has knowledge of the unlawful end, there is no combined intent to do what is unlawful. Perkins, On Criminal Law, 545 (1957).

"It must be shown that the respective conspirators intended to further, promote, or cooperate in the unlawful enterprise. The gist of the offense of conspiracy lies in the unlawful agreement between two or more persons. *People v Smith,* 296 Mich 176; 295 NW 605 (1941); *People v Asta,* 337 Mich 590, 611; 60 NW2d 472 (1953)." (Emphasis in original.)

The prosecutor attempted during the trial, in view of the joint ownership of the house and the marked money found on defendant, to show that he aided and abetted Choyce's delivery of the heroin to the police officer. Again, this effort is based on inferences. The fact that a person is a joint owner of a certain piece of property does not indicate that he entertained a specific intent to deliver. *People v Jerry Johnson,* 68 Mich App 697, 700; 243 NW2d 715 (1976).

Furthermore, it was never established that defendant and Choyce even knew one another. Pat-

ently, there could be no aiding and abetting where there were no communications between them.

This Court is fully cognizant of the difficulties often encountered by prosecutors in proving defendants guilty of drug offenses beyond a reasonable doubt. However, courts are bound by the rules as presently established. Except for the marked money, which could have been turned over to defendant by the others in the house for rent, a loan, or other purposes, no evidence was presented to connect Mr. Smith with these charges.

Therefore, having reviewed the evidence in the light most favorable to the people, we hold on authority of *Atley, Davenport, Jablonski and Ridgeway* that the trial court erred in not granting the motion for a directed verdict as to both charges.

## II.

Defendant next contends that he was denied his due process right to be tried by a properly instructed jury since the trial court's instructions as a whole misled the jury as to the proofs necessary for conviction on each offense and that the court erroneously denied a legitimate defense request for clarifying instructions.

Defendant contends that the instructions concerning delivery confused the jury as to whether the delivery inside the house to Choyce or the delivery to the police officer was the one charged in the first count.

The trial judge relied upon the statutory language in defining the term delivery and then summarized as follows:

"[T]he delivery is the mere transfer from one person

to another of a controlled substance. That's all that is required to prove this crime."

Counsel objected and requested the following clarifying instruction:

"If the jury finds that on April 6, 1976, Samuel Smith did not aid or abet James Choyce in delivering heroin to a Michigan State Police undercover agent, they must find the defendant, Samuel Smith, not guilty."

The denial of this request was not serious error since the judge, in summarizing the prosecutor's theory of the case, adequately described the charged delivery as that made by Choyce to the officer.

When reviewing claimed errors in the instructions to the jury, this Court reads them in their entirety. *People v Benevides,* 71 Mich App 168, 175–176; 247 NW2d 341 (1976).

The instructions dealing with the conspiracy count, however, are another matter. The conspiracy count was described by the court as:

"In count two, he's charged with conspiracy that on April 6, 1976, that he did unlawfully, wickedly, maliciously, and feloniously combine, conspire, confederate, and agree together to commit the crime of delivery of a controlled substance: heroin."

"Criminal conspiracy is a mutual understanding or agreement between two or more persons, express or implied, to do or accomplish some criminal or unlawful act." *People v Hintz,* 69 Mich App 207, 217; 244 NW2d 414 (1976).

Obviously, the instruction given omitted the necessary element that the jury must find the conspiracy to have existed between defendant and Choyce and permitted the jury to find guilt even

where they found a conspiracy between defendant and someone other than Choyce. This was error as it permitted the jury to convict Mr. Smith of a conspiracy with which he was never charged.

Also, defendant complains that the trial court failed to summarize his theory of the case. This was not error as counsel neglected to make such a request or submit a statement thereof. *People v Trammell,* 70 Mich App 351, 353–354; 247 NW2d 311 (1976); GCR 1963, 516.7.

### III.

Defendant also argues that the trial court committed reversible error in admitting evidence of other drug purchases at a house co-owned by defendant where such evidence did not show similar acts by him and was not determined to be more probative than prejudicial.

The statute, MCL 768.27; MSA 28.1050, reads:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

This legislation, often quoted, provides a vehicle for prosecutors to prove guilt by introducing into evidence other similar acts of the defendant which show motive and intent. It cannot, however, be employed where those acts are committed by oth-

ers. *People v Salata,* 79 Mich App 415, 420; 262 NW2d 844 (1977).

Here, the prior sales were made to Officer De-Feyter by others and no evidence was presented which indicated that the defendant supplied the drugs or participated in the transactions.

When evidence of this type is presented, the trial judge must use his discretion in order "to determine whether any probative value is outweighed by potential prejudice". *People v Bledsoe,* 46 Mich App 558, 560; 208 NW2d 545 (1973).

The fact that defendant jointly owned the home would not be proof that he took part in the transactions made by others. Consequently, there was an abuse of discretion since the jury may have relied on this testimony in returning the guilty verdicts.

The consideration of these three issues is dispositive of this appeal and obviates the necessity of considering the remaining two issues raised by defendant.

Reversed.[1] Defendant discharged.

R. B. BURNS, J., concurs.

D. E. HOLBROOK, JR., P. J., concurs in result only.

---

[1] Again, the attention of Michigan prosecuting attorneys is directed to the opinions issued in *People v Walma,* 26 Mich App 326; 182 NW2d 110 (1970), and *People v Hatfield,* 46 Mich App 149; 207 NW2d 485 (1973).