PEOPLE v FLORES

Docket No. 77-3035. Submitted March 13, 1979, at Lansing.—Decided
   May 1, 1979. Leave to appeal applied for.

   Joseph Flores was found guilty in Bay Circuit Court, John X.
   Theiler, J., of delivery of heroin and conspiracy to deliver
   heroin. At trial, testimony was admitted concerning prior at-
   tempts by the police undercover agents to gain admittance to
   defendant's house, prior heroin purchases made at defendant's
   house from persons other than defendant and prior heroin sales
   by defendant to one of the alleged co-conspirators. Defendant
   was sentenced to 8 to 20 years in prison. Subsequently defen-
   dant's wife was convicted of possession with intent to deliver
   heroin and conspiracy to deliver heroin, and was placed on
   probation for a period of five years. Defendant appeals claiming
   that certain evidence was improperly admitted, double jeopardy
   and discrimination against him in his sentence because of his
   sex. *Held:*

   1. Admission of evidence of prior attempts to gain admittance
   to defendant's house and of prior heroin purchases made at
   defendant's house from persons other than defendant, while not
   probative of any matter at issue in defendant's trial for deliv-
   ery and conspiracy to deliver heroin, was harmless error where
   there is no indication that the prosecutor deliberately tried to
   inject prejudice into the trial and the evidence of guilt is
   overwhelming.

   2. Evidence of prior sales of heroin by defendant to an
   alleged co-conspirator was properly admitted for the purpose of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error § 803.
   25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 46, 47.
   Admissibility in prosecution for illegal sale of narcotics, or evidence
   of other sales. 93 ALR3d 1097.
[2] 29 Am Jur 2d, Evidence §§ 320, 324, 326. 75 Am Jur 2d, Trial
   § 747.
[3] 21 Am Jur 2d, Criminal Law § 182. 25 Am Jur 2d, Drugs,
   Narcotics, and Poisons §§ 27.13, 40.
[4, 5] 21 Am Jur 2d, Criminal Law § 527.
[5] 21 Am Jur 2d, Criminal Law § 582.

establishing the specific intent necessary to prove conspiracy to deliver heroin, where the trial court properly informed the jury of the limited use of such evidence.

3. Convictions for both conspiracy to deliver heroin and delivery of heroin do not violate the constitutional protection against double jeopardy.

4. The fact that the sentencing court felt that community interests outweighed other factors does not render a sentence improper, where the court considered many factors, including defendant's background, and where the sentence is within the statutory limits.

5. Disparity in sentences on the basis of discrimination based on sex is not established where the record indicates the sentencing court, in giving different sentences to defendant and his spouse, based the sentences upon factors other than sex.

Affirmed.

1. DRUGS AND NARCOTICS — HEROIN — DELIVERY OF HEROIN —
   CONSPIRACY TO DELIVER HEROIN — EVIDENCE — ADMISSION OF
   EVIDENCE — HARMLESS ERROR.

   Admission of evidence of prior attempts to gain admittance to defendant's house and of prior heroin purchases at the house from persons other than defendant, while not probative of any matter at issue in defendant's trial for delivery and conspiracy to deliver heroin, was harmless error where there is no indication that the prosecutor deliberately tried to inject prejudice into the trial and the evidence of guilt is overwhelming so that it was not reasonably possible that, absent the claimed error, even one juror might have voted to acquit.

2. CONSPIRACY — HEROIN — EVIDENCE — ADMISSION OF EVIDENCE —
   PRIOR SALES TO CO-CONSPIRATOR.

   Evidence of prior sales of heroin by a defendant to an alleged co-conspirator in a trial for conspiracy to deliver heroin is properly admitted for the purpose of establishing the specific intent necessary to prove the conspiracy where the trial court properly informs the jury of the limited use of such evidence (MCL 768.27; MSA 28.1050).

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CONSPIRACY TO DE-
   LIVER HEROIN — DELIVERY OF HEROIN.

   Convictions of both conspiracy to deliver heroin and delivery of heroin do not violate the constitutional protection against double jeopardy.

4. CRIMINAL LAW — SENTENCING — FACTORS CONSIDERED — COMMUNITY INTERESTS.

The fact that the sentencing court felt that community interests outweighed other factors does not render a sentence improper, where the court considers many factors, including defendant's background, and the sentence is within the statutory limits.

5. CRIMINAL LAW — SENTENCES — SEXUAL DISCRIMINATION.

Disparity in sentences on the basis of discrimination based on sex is not established where the record indicates that the sentencing court, in giving different sentences to defendant and to his spouse who was separately convicted of conspiracy to deliver heroin and possession of heroin, based the sentences upon factors other than sex.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, and *James M. Hammond,* Assistant Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of delivery and conspiracy to deliver a controlled substance, heroin. MCL 335.341; MSA 18.1070(41) and MCL 750.157a; MSA 28.354(1). He was sentenced to serve 8 to 20 years in prison and appeals as of right.

The charges against defendant were based upon certain events which took place on March 23, 1976. Thomas Cadieux, a police informant, contacted Edward Emmons, seeking to purchase some heroin. Emmons called defendant's house and spoke with Paul Sobeck to arrange a sale. Cadieux then picked up Emmons and the two drove to defendant's house where they were admitted by a

---

*Circuit judge, sitting on the Court of Appeals by assignment.

woman and sent to the basement. Emmons went upstairs and returned with Paul Sobeck. Cadieux then arranged for the purchase of a gram of heroin. Sobeck went back upstairs and subsequently returned with defendant. Defendant was carrying a tinfoil packet in his hand. He handed this to Sobeck who in turn gave it to Cadieux. Cadieux handed defendant $80 to pay for the substance which was later analyzed as heroin.

Initially defendant, Sobeck, Emmons, and Guadalupe Flores, defendant's wife, were all charged in this matter. Following the preliminary examination Sobeck, Emmons and defendant were bound over on conspiracy and delivery charges. Mrs. Flores was bound over on conspiracy and possession with intent to deliver charges.

The first issue raised by defendant concerns the admissibility of certain evidence. There was testimony that witness Cadieux and undercover Officer DeFeyter had gone to defendant's house on a number of times prior to March 23, 1976, and been denied admittance. There was also testimony that Officer DeFeyter had made heroin purchases at the house from persons other than defendant.

We agree the evidence that entrance to the house was denied was not probative of any matter in issue. In addition, it is questionable whether there was sufficient circumstantial evidence to link defendant with the sales by other persons. See *People v Samuel Smith,* 85 Mich App 404; 271 NW2d 252 (1978). However, we find any error in the admission of this evidence to be harmless.

There is no indication that the prosecutor deliberately tried to inject prejudice into the trial, *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), and no basis for finding an error so offensive to the maintenance of a sound judicial system

as to require reversal. In addition, the evidence of guilt was overwhelming and it was not reasonably possible that, absent the claimed error, even one juror might have voted to acquit. Hence, the error was harmless. *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978).

Defendant also claims it was error to admit evidence of prior transactions wherein defendant sold heroin to one of the alleged co-conspirators, Emmons. These transactions took place in defendant's basement over a four-month period prior to the date of the incident in question.

In order to prove conspiracy, it was necessary for the prosecutor to establish specific intent. In *People v Atley,* 392 Mich 298, 310; 220 NW2d 465 (1974), the Court explained this element as follows:

" 'A conspiracy is a partnership in criminal purposes', *United States v Kissel,* 218 US 601, 608; 31 S Ct 124; 54 L Ed 1168 (1910). A twofold specific intent is required: a combination with others to do what is unlawful. *Conspiracy,* 28 La L Rev 534, 535 (1968); see also 1 Wharton, Criminal Law & Procedure, 183-184.

"Intent to conspire,

" '[w]hile it is not identical with mere knowledge that another purposes unlawful action * * * is not unrelated to such knowledge. Without the knowledge, the intent cannot exist. *United States v Falcone* [311 US 205; 61 S Ct 204; 85 L Ed 128 (1940)] [footnote omitted]. Furthermore, to establish the intent, the evidence of knowledge must be clear, not equivocal. *Ibid.* This, because charges of conspiracy are not to be made out by piling inference upon inference * * *.' *Direct Sales Co v United States,* 319 US 703, 711; 63 S Ct 1265; 87 L Ed 1674 (1943).

"Therefore, defendant's intent to sell marijuana must be established in the present case, and to establish that intent, there must be evidence of knowledge of the unlawful purpose of sale. To prove the crime of conspiracy, however, it must further be proven that that intent, including that knowledge, was possessed by

*more than one* individual since there can be no conspiracy without a combination of two or more persons."

Where intent is material, other acts of the defendant which may tend to show his intent in doing the act in question may be proved notwithstanding that such proof may tend to show the commission of another crime by the defendant. MCL 768.27; MSA 28.1050.

In the instant case it was necessary to show that defendant had intent to deliver and was aware of the unlawful purpose of this delivery. Evidence that he had engaged in prior heroin transactions was admissible to show that defendant was not an innocent conduit for the delivery of heroin on March 23, 1976.

While this evidence may have been prejudicial to defendant, it was highly probative on the issue of intent. In addition, both the prosecutor and the trial judge properly informed the jury of the limited use to which this evidence could be put. We find no reversible error in its admission.

Defendant also argues that under the facts of this case convictions of both conspiracy to deliver heroin and delivery of heroin violated the double jeopardy clause. We reject this argument on the authority of *People v Gonzales,* 86 Mich App 166; 272 NW2d 227 (1978).

Defendant next contends that he was illegally sentenced according to a county program of mandatory prison sentences for heroin dealers.

The record indicates the trial court took a number of factors into consideration in imposing sentence, including the potential for rehabilitation, the recommendations given by members of the community, defendant's background, and the interests of the community. The fact that the court felt

the interests of the community outweighed the other factors does not render the sentence improper. *People v Gonzales, supra, People v Van Epps,* 59 Mich App 277; 229 NW2d 414 (1975). The sentence was within the statutory limits and not based upon any impermissible considerations.

Defendant also argues that in imposing sentence the trial court impermissibly discriminated against him on the basis of his sex.

Defendant received an 8 to 20 year term. His wife, who was convicted of conspiracy to deliver heroin and possession of heroin with intent to deliver, received probation. Defendant contends this disparity in sentencing was the result of discrimination on the basis of sex.

It is true that different treatment in sentencing can not be based upon some arbitrary classification such as race or religion. *People v Dupuie,* 52 Mich App 510; 217 NW2d 902 (1974). Disparity based upon sex has also been found constitutionally deficient. *United States v Maples,* 501 F2d 985 (CA 4, 1974).

An examination of the transcripts indicates that the sentences were not the result of any impermissible discrimination based upon sex. Defendant was sentenced on May 31, 1977. At that time his wife had not been convicted of any offense. As noted above, the trial court felt that the interests of society outweighed factors operating in defendant's favor and sentenced him to 8 to 20 years in prison.

Mrs. Flores was convicted on January 6, 1978, and sentenced on January 23 of that year. The trial court noted that she was not convicted of delivery of heroin as was her husband. It also felt that her involvement in drugs was somewhat peripheral to that of her husband and that with his

influence removed she would not engage in future illegal activities or present a threat to the community. Finally, the judge stated that because one parent was already in jail and there were five minor children depending upon Mrs. Flores, he would put her on probation for five years. It is evident that the trial court's decisions regarding sentencing were based upon the circumstances of each person at the time of sentencing and not due to sex. Hence, defendant's claim is without factual support.

Defendant's other contentions of error merit no discussion.

Affirmed.