## PEOPLE v JACKSON

Docket No. 104978. Submitted February 7, 1989, at Detroit. Decided July 5, 1989.

Bonita Jackson was convicted of assault with intent to rob while armed, Recorder's Court of Detroit, Michael F. Sapala, J. Defendant appealed, alleging insufficient evidence and failure of the prosecution to produce an endorsed witness. The prosecutor filed a brief claiming only that defendant had shown no error which occasioned a miscarriage of justice. The Court of Appeals struck the brief and ordered the prosecutor to address certain specific issues raised by defendant. The prosecutor filed the brief, but noted that he did so as a matter of grace and claimed that the Court had no authority to make such an order.

The Court of Appeals *held:*

1. The evidence was sufficient to convict defendant.

2. Defendant's failure to move for a new trial waived the issue of prejudice to her resulting from the nonproduction of an endorsed witness.

3. The Court of Appeals has the power to compel a party to an appeal to file a brief addressing given issues.

Affirmed.

1. Criminal Law — Evidence — Sufficiency of Evidence — Bench Trials — Appeal.

When reviewing a challenge to the sufficiency of the evidence in a bench trial, a reviewing court must consider the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

2. Criminal Law — Witnesses — Endorsement — Prejudice — Preserving Question.

The issue of prejudice to a defendant caused by the nonproduction of an endorsed witness is waived where the defendant fails to move for a new trial on that basis.

References

Am Jur 2d, Appeal and Error §§ 646, 684 *et seq.*, 883.
See the Index to Annotations under Appeal and Error.

3. APPEAL — BRIEFS — ORDERS COMPELLING BRIEFS — COURT RULES.
The Court of Appeals has the power to compel a party to an
appeal to file a brief addressing given issues (MCR 7.216[A][9]).

*Frank J. Kelley,* Attorney General *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Chief of Research, Training and Appeals.

*John L. Belanger,* for defendant.

Before: CYNAR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

SHEPHERD, J. Following a bench trial, defendant was convicted of assault with intent to rob while armed, MCL 750.89; MSA 28.284. She was sentenced to four to ten years imprisonment. Defendant appeals as of right, challenging the sufficiency of the evidence on the intent element of the offense and raising one evidentiary issue. We affirm. We also address the issue of whether the Court has the authority to order an attorney to file a brief or a supplemental brief when the Court finds that it requires additional information or arguments to assist it in reaching a decision. The prosecutor took the position that we lack such authority. We hold to the contrary.

Defendant's conviction stemmed from an incident on June 18, 1987, at a retirement complex. The victim, Harold Lumpkin, testified that he had known defendant for three or four years. Defendant arrived at the victim's apartment at 3:00 A.M. She asked if she could work as his housekeeper and also whether she could spend the night because she did not have a place to sleep. Defendant slept on the floor and, at 9:00 A.M., the victim asked defendant to leave. Defendant did not leave but rather went into the bathroom and pulled an

emergency cord installed for tenants to use if they are in an emergency situation. The manager and a social worker arrived but left after the victim said there were no problems. Defendant then attempted to take a wallet from the victim's pocket but could not get it. Defendant lunged at the victim with a razor and cut his arm. The victim locked himself inside the bathroom as defendant threatened to kill him. Defendant cut the telephone cord before leaving with a television.

By contrast, defendant testified that she arrived at the apartment at 11:00 P.M. and that they had sexual intercourse in exchange for the victim's promise to pay her money in the morning. In the morning, defendant claimed that she reached for the victim's wallet because the victim tried to get her to leave without payment. Further, defendant claimed that the victim had a knife so she grabbed a razor and cut him accidentally while defending herself. When the victim went into the bathroom to stop the bleeding, defendant took his television as payment for her services.

The trial court found that defendant's testimony lacked credibility and that the assault with intent to rob occurred when defendant attempted to take the wallet by use of the razor and threats. On appeal, defendant claims that there was insufficient evidence of the intent element of the offense. We disagree.

When reviewing a challenge to the sufficiency of the evidence in a bench trial, a reviewing court must consider the evidence in a light most favorably to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 269-270; 380 NW2d 11 (1985). When viewed in this manner, we conclude that the victim's testimony

was sufficient to establish that defendant intended to rob the victim when she assaulted him with the razor. The credibility of the victim's testimony, as compared to the testimony of defendant, was a matter for the trier of fact to decide. We will not resolve it anew. *People v Daniels,* 172 Mich App 374, 378; 431 NW2d 846 (1988).

We also reject defendant's request for a remand to determine whether she was prejudiced by the prosecutor's failure to produce Madeline Crawford, a sales representative for Total Health Care, as a witness. As a preliminary matter, we note that the amended version of MCL 767.40a; MSA 28.980(1), which governs the prosecutor's duties with regard to res gestae and other witnesses, was in effect at all times pertinent to this case. Under the statute, the general rule has been that a witness endorsed by the prosecutor, whether or not the witness is a res gestae witness, must be produced. *People v Cummings,* 171 Mich App 577, 584-585; 430 NW2d 790 (1988). The relief available to the prosecutor is contained in subsection (4) of the statute which permits the prosecutor to "add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties."

Here, the record reveals that defendant's sole objection to the nonproduction of Crawford was that due diligence was not shown. The trial court resolved this question in favor of defendant but later ruled when making its factual findings that it would not draw a negative inference that her testimony would have been adverse to the prosecutor's case because the only witnesses to the actual events were the victim and the defendant. Since there is nothing in the record to suggest that Crawford was a res gestae witness, and no objection was made in the trial court on the basis that

Crawford was a res gestae witness, the trial court's decision not to draw a negative inference was not error. Contrast *People v Harper,* 126 Mich App 54, 57; 337 NW2d 310 (1983) (permissive inference of unfavorable testimony may be made where the witness is in fact a res gestae witness).

In any event, the only relevant inquiry, upon entry of a guilty verdict, is whether the prosecutor's failure to produce the witness resulted in prejudice to the defendant. *People v Bennett,* 157 Mich App 84, 90; 403 NW2d 103 (1987), lv den 428 Mich 907 (1987). In order to preserve the issue of prejudice for appellate review, defendant must move for a new trial in the trial court on this basis. *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973), and see *People v Willie Pearson,* 404 Mich 698, 722; 273 NW2d 856 (1979). Defendant failed to do so and, hence, we deem this issue waived.

With regard to defendant's request for a remand to the trial court for hearing on the question of prejudice, we note that MCR 7.216(A)(7) provides us with discretion to grant this relief. Having given careful consideration to the record, in light of defendant's failure to properly preserve this issue and in light of the fact that the witness could not have observed the incident, we conclude that defendant has not demonstrated any miscarriage of justice that would justify this relief. Accordingly, we decline to remand.

The prosecutor filed a brief in this case which said nothing more than, "[h]aving examined the issues presented in this case, the People submit that appellant has shown no error which can be said to have occasioned a miscarriage of justice. See MCL 769.26." The statute cited by the prosecutor provides that a criminal case shall not be reversed for improper jury instructions, for im-

proper admission of evidence, or for any error relating to pleading or procedure, "unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice." MCL 769.26; MSA 28.1096.

It was our view that the very limited brief filed by the prosecutor, which consisted of only the above-quoted paragraph, was not of sufficient assistance to us in evaluating the case and we issued an order striking the brief for failure to comply with MCR 7.212(C) and (D). We directed the prosecutor to address certain specific issues raised by the defendant. The prosecutor filed a brief which was helpful to us in reaching our decision. However, the prosecutor saw fit to add a footnote to his brief which we quote in its entirety:

> After the People filed what might be called a "no error" brief, or perhaps a "demurrer" to appellant's claims, this court struck the brief and "ordered" the People to file a brief and "ordered" that the brief "*shall* address each issue raised by defendant and *shall* specifically address defendant's request for a remand to the trial court for a determination of whether the prosecutor's lack of due diligence as found by the trial court prejudiced the defendant. The prosecutor *will* address whether such order of remand should be entered either because of defendant's request for such relief or under the Court's general authority to permit a remand under MCR 7.216(A)(5)." The initial brief filed in this matter was one of approximately 100 such briefs, filed with great reluctance by the People, and only after discussion of such a procedure with a number of the judges of the court, as an alternative to simply not answering at all given an overwhelming backlog of cases. Perhaps this case was chosen unwisely, but the People must say that the order of this court, which goes beyond striking the brief, is remarkable. The Peo-

ple know of no authority in the court to order a party to file a brief if the party chooses not to respond. The court can, of course, strike a nonconforming brief, or treat a failure to respond as a confession of error if it feels that this course of action would serve the ends of justice, though it may well be that even this doctrine applies only to claims of prosecutorial misconduct, see e.g., *People v Hatfield,* 46 Mich App 149 [207 NW2d 485] (1973); *People v [Samuel] Smith,* 85 Mich App 404 [271 NW2d 252] (1978), but if a party chooses not to answer an appeal filed by the losing party in the court below, the People submit that the court has no rightful authority to override that decision, with the sanction of contempt implicitly threatened for noncompliance. The action undertaken in this case was taken as a good faith measure to indicate to the court that nothing further would be forthcoming from the People in this case, so that, by responding in some fashion, the court's administrative staff would understand that the case should proceed. In a spirit of cooperation the People are filing a brief in this matter as directed, but the lesson learned is that it is better to file nothing at all than to in some manner inform the court that the People believe no error occurred and have nothing further to say, which may be the course the People take in the future, given that 525 briefs are currently waiting to be written on the dockets of 16 attorneys. [Emphasis in original.]

We respectfully call to the prosecutor's attention MCR 7.216(A)(9):

(A) The Court of Appeals may, at any time, in addition to its general powers, in its discretion, and on the terms it deems just:

\* \* \*

(9) direct the parties as to how to proceed in any case pending before it.

We find it impossible to believe that a court

lacks the inherent power, independent of the court rule, to direct a party to file a brief that conforms with the rules of court or to file a supplemental brief that expands upon issues raised in an original brief. We do not believe that it is appropriate for counsel to respond to an order of the Court directing additional issues to be briefed to advise the Court that the brief is being filed as a matter of grace and that the Court lacks authority to direct a party to file a brief. We are well aware of the burdens faced by prosecuting attorneys and members of this panel have permitted the Wayne County Prosecutor to file "no error briefs" in cases where such briefs appeared to us to be appropriate. In those rare cases where the Court feels that additional assistance is required in order to enable it to reach a decision, it must have the option to require the filing of a supplemental brief and we will continue to do so in those situations where we, in the exercise of our sound discretion, deem a supplemental brief necessary.

The Wayne County Prosecutor argues that he would have been further ahead had he not filed a brief at all. We advise him that under the above rationale we would have the authority to direct him to file a brief even if he had chosen not to submit anything to the Court originally. In the cases cited by the prosecutor in his footnote, i.e., *People v Hatfield,* 46 Mich App 149; 207 NW2d 485 (1973), and *People v Samuel Smith,* 85 Mich App 404; 271 NW2d 252 (1978), modified on other grounds 406 Mich 945 (1979), the Court of Appeals indicated that where the prosecutor does not file a brief the Court can treat the failure to respond as an admission of error. See *Hatfield, Samuel Smith* and *People v Walma,* 26 Mich App 326; 182 NW2d 110 (1970). Apparently the Wayne County Prosecutor believes that this is the more appropriate

route for the Court of Appeals to take. In our view we would not be performing our duty if in every case we blindly accepted the prosecutor's decision to either file no brief or to file an inadequate brief. Our responsibility to the public goes beyond that and requires us to make certain that we are well informed and well briefed on a case before reaching a decision. We are satisfied that we took the proper course and, as indicated above, the brief that was filed in response to our order was helpful to us in concluding that the prosecution should win its case.

Affirmed.