PEOPLE *v.* HALL.

INTOXICATING LIQUORS—VALIDITY OF SEARCH WARRANT—REFUSAL
TO ADVANCE ARGUMENT ON MOTION TO SUPPRESS.

Refusal of the trial court to advance the argument on a
motion to suppress evidence claimed to have been obtained
against defendant, charged with illegal possession of in-
toxicating liquors, by means of an illegal search warrant,
so that the validity of the warrant could be determined
before the trial began, is *held,* not prejudicial, for the
reason that it would have been the duty of the court to
deny the motion, if entertained; and defendant's con-
viction is affirmed by an equally divided court.

Error to Washtenaw; Sample (George W.), J. Sub-
mitted April 15, 1926.   (Docket No. 134.)   Decided
May 3, 1927.

Frank L. Hall was convicted of violating the liquor
law, and sentenced to imprisonment for not less than
one nor more than two years in the State prison at
Jackson.   Affirmed by an equally divided court.

*Frank B. DeVine* and *Carl A. Lehman,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Wil-
liam M. Laird,* Prosecuting Attorney, for the people.

BIRD, J.   An information was filed September 29,
1925, against defendant in the Washtenaw circuit
court for having possession of 10 gallons of whisky.
He stood mute when arraigned and a plea of "not
guilty" was entered by the court.   The return of the
justice was filed in circuit court on September 25th,
four days before he was arraigned.   On October 3d

Criminal Law, 17 C. J. §§ 3627 (Anno), 3743; Intoxicating
Liquors, 33 C. J. § 560.

defendant's counsel filed a motion to suppress the evidence seized under the search warrant.    This motion was noticed for the following Saturday, in accord with the usual custom in that circuit when the jury was present.    Court convened on October 6th and there were five criminal cases ahead of defendant's.    Later, on the first day of term, counsel were advised by the prosecutor that defendant's case would be the first case on call in the morning.    They immediately prepared and filed a motion and served it on the prosecutor, requesting the trial court to either grant a continuance of the case until the motion could be heard, or advance the argument on the motion so it could be determined before the trial began.    This motion was denied and defendant was forced to trial before his motion was heard.    The evidence obtained by the search warrant was admitted over the objection of counsel, and defendant was convicted and sentenced to the State's prison at Jackson.    The ground of defendant's motion to suppress was based on the fact that the only ground of belief of the affiant in the affidavit for a search warrant was stated to be:

"That he, the said Henry Hinz, on Tuesday, May 12, last, purchased a pint of whisky for $2.70 and became intoxicated from drinking the same; and that the second floor above described is a resort for the sale and purchase of intoxicating liquor."

Two questions are discussed:

(1) That it was an abuse of discretion on the part of the trial court to refuse to either advance the argument or continue the case until the motion could be heard, under the rule.

(2) That the search warrant was void because the affidavit for the same was not specific enough, there being no statement from whom the liquor was purchased, and no allegation that it was purchased at the place described in the affidavit.

1. The record does not disclose that there was any

such delay in preparing defendant's case as to give rise to the belief that his counsel was attempting to delay the proceedings, nor is there anything to give rise to the belief of bad faith on the part of counsel. It was the duty of counsel to take advantage of the defect in the affidavit for the search warrant, if they thought there were one, and if court matters had not moved so swiftly the motion would have been heard on the regular motion day before the trial was on. In view of this emergency, they petitioned the trial court to advance the argument. The trial court has the right, under Circuit Court Rule No. 15, to do so, and he should have done so, as he knew if he refused defendant would be deprived of that part of his defense. We can see no reasonable grounds for his refusal. Under the circumstances, his refusal to advance the argument was an abuse of discretion. In view of the fact that the question was an important one in defendant's defense, the judgment of conviction should be reversed and a new trial granted. The defendant should be remanded to the custody of the sheriff of Washtenaw county.

STEERE, FELLOWS, and WIEST, JJ., concurred with BIRD, J.

CLARK, J. Defendant contends that the court erred in refusing to consider and decide his motion to suppress. If it appears that it would have been the duty of the court to deny the motion, had he considered it, then the error, if it be such, is without prejudice. The point made against the affidavit for the search warrant is that, in stating the grounds of belief, affiant did not state the place where he had bought the whisky.

We quote from the affidavit:

"The affidavit and complaint on oath and in writing of Henry Hinz, made before me, A. E. Gibson,

a justice of the peace of the city of Ann Arbor, in said county, upon the 16th day of May, A. D. 1925, who, being by me duly sworn, says that on the 2d floor of the premises situate, known and numbered as No. 206 South Ashley street, in the city of Ann Arbor, county of Washtenaw and State of Michigan, which said premises are occupied by one Frank Hall and Susan A. McNalley, as a residence and as a resort for the sale and purchase of intoxicating liquors, and not as a drug store nor a private dwelling house occupied as such, the said Frank Hall and said Susan McNalley not being a licensed and registered druggist or pharmacist engaged in selling intoxicating liquors under and in compliance with the requirements and restrictions imposed upon licensed and registered druggists and pharmacists by the general laws of the State of Michigan and by Act No. 338 of the Public Acts of Michigan of 1917, certain vinous, malt, brewed, fermented, spirituous and intoxicating liquors, to-wit: Wines, beers, whiskys, gins and other intoxicating liquors, are being stored and kept for the purpose of being sold, furnished or given away as a beverage, contrary to the provisions of Act No. 338 of the Public Acts of the State of Michigan for the year 1917, as amended; and that he, the said affiant, believes and has good cause to believe, that such liquor is now there concealed upon the premises above described; and that there are also now concealed on said premises there certain implements and furniture used and kept for such illegal keeping, selling, furnishing, giving away, and storing of such liquors, to-wit: Barrels, kegs, jugs, jars, cans, bottles and other containers and that the grounds of his said belief are as follows: That he, the said Henry Hinz, on Tuesday, May 12, last, purchased a pint of whisky for $2.70 and became intoxicated from drinking the same; and that said second floor above described is a resort for the sale and purchase of intoxicating liquors."

In the words following the last colon by which affiant tells of having bought the whisky, the place is not stated. But upon reading the context it is apparent that he is speaking of defendant's place. The magis-

trate might, and it seems did, so infer.    The affidavit should be held sufficient.    Had the motion to suppress been entertained by the court, it would have been his duty to deny it.    Therefore defendant was not prejudiced by the court's refusal.

Affirmed, and judgment advised.

SHARPE, C. J., and SNOW and MCDONALD, JJ., concurred with CLARK, J.