PEOPLE *v.* VAN VORCE.

1. INTOXICATING LIQUORS — CONTINUANCE—INVALID SEARCH WARRANT—MOTION TO SUPPRESS SHOULD BE HEARD IN ABSENCE OF UNREASONABLE DELAY.

Denial of defendant's request for a continuance and refusal to shorten the time of motion under Circuit Court Rule No. 15, thus forcing defendant, charged with violating the prohibition 'law, to trial without a hearing on his motion to suppress evidence obtained by a search warrant claimed to be invalid because it did not contain the material facts alleged in the affidavit therefor, as required by section 27, Act No. 338, Pub. Acts 1917, was an abuse of discretion constituting reversible error, in the absence of any showing of unreasonable delay by the interested parties in getting the matter to trial.

2. CRIMINAL LAW—SECOND OFFENSE MUST BE ELIMINATED IF NOT CHARGED IN PRELIMINARY EXAMINATION.

In a prosecution for violating the prohibition law, denial of defendant's motion to eliminate the charge of second offense from the information was reversible error, where he was not so charged in the preliminary examination before the justice and no proof thereon was submitted at said examination.

[1]Criminal Law, 16 C. J. § 1110 (Anno); 17 C. J. § 3578; L. R. A. 1918E, 528; 6 R. C. L. 560; 2 R. C. L. Supp. 155; 5 R. C. L. Supp. 355; [2]Indictments and Informations, 31 C. J. § 140.

3. SAME—FAILURE TO PRODUCE MATERIAL WITNESSES—DUE DILI-
GENCE.

> Where members of the State police force, whose names
> were indorsed on the information, were material witnesses
> in defendant's trial for violating the prohibition law, but
> they failed to appear, a showing by the prosecutor that
> he wrote to their superior officer to have them present,
> *held*, not to show due diligence.

4. SAME—DUTY OF PROSECUTOR TO ISSUE SUBPŒNAS FOR MATERIAL
WITNESSES.

> It is the duty of the prosecutor to have subpœnas issued
> for material witnesses whose names are indorsed on the
> information, and use such other means at hand to have
> them present at the trial.

SHARPE, C. J., and WIEST, J., concurring in part.

Error to Washtenaw; Sample (George W.), J. Sub-
mitted June 16, 1927. (Docket No. 93.) Decided
July 29, 1927.

Merle Van Vorce was convicted of violating the
liquor law, and sentenced to imprisonment for not less
than one nor more than two years in the State prison
at Jackson. Reversed.

*Carl A. Lehman* and *Jacob F. Fahrner*, for appellant.

*William W. Potter*, Attorney General, and *Carl H.
Stuhrberg*, Prosecuting Attorney, for the people.

BIRD, J. Defendant was convicted in the Wash-
tenaw circuit court for having in his possession certain
intoxicating liquors. The liquors were secured by
means of a search warrant. A motion was duly made
to suppress the evidence obtained by the search war-
rant, on the ground that the search warrant was
invalid. The motion was not heard, and defendant
was forced to trial before the motion could be heard
under the rule, and he thereby lost the benefit of this
defense.

---

[3]Criminal Law, 16 C. J. § 2133; [4]Id., 16 C. J. § 2133.

1. The principal ground of the motion to suppress was that the search warrant was invalid because it did not contain all the material facts alleged in the affidavit, as required by section 27, Act No. 338, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 7079 [27]). The material part of that section reads:

"The warrant for search shall be directed to the proper officer and shall recite all of the material facts alleged in the affidavit, and describe the things to be searched for and the place to be searched."

The affidavit set up as a ground of belief that the affiant bought certain liquors of defendant on August 31, 1925, and that he tasted of the same, and was able to determine what they were.   No hint of this was contained in the warrant.   A similar question was presented in the case of *People* v. *Moten,* 233 Mich. 169, recently decided by this court.   It was there held that the warrant was invalid.

This was a meritorious question, and defendant should have had an opportunity to present it.   Counsel requested the court to continue the case for a brief period and give them an opportunity to examine the files, as they had been in the possession of the prosecutor.   This motion was denied.   They then requested the court to shorten the time of the motion, under Circuit Court Rule No. 15, but this request was likewise denied, and defendant was forced to trial before the return of the justice of the peace had been filed in the circuit court.

The record does not show that there was any unreasonable delay by any of the interested parties in getting the matter to trial.   The requests made by counsel were reasonable, and one or the other of them should have been granted.   We think the refusal of the trial court was an abuse of discretion, and was reversible error.   *People* v. *Hall,* 238 Mich. 401.

2. The information charged the offense as a second offense. Defendant was convicted on the charge of second offense and sentenced as a second offender. The defendant complains because he had no examination before the justice of the peace on the question of a previous offense. The complaint was silent as to that question and there was no proof of a former conviction before the justice. Defendant demanded, and was given, an examination before the justice of the peace. A motion was duly made to eliminate the charge of second offense from the information. This motion was denied. We have recently held that a conviction for a second offense is invalid unless defendant is previously given an examination on that question. *People* v. *McDonald*, 233 Mich. 98. The trial court did not have the benefit of this holding, as the case cited had not appeared in print when the trial took place. The holding of the trial court was, however, reversible error.

3. There were indorsed on the information the names of Thomas Maycock, Leslie Mattigan, and Ezra Hoff, as witnesses for the people. It appeared that these parties belonged to the State police force, and were present and helped to execute the search warrant. On the trial the defendant requested the prosecutor to produce them for cross-examination. The prosecutor advised that they were not present. It further appeared that no subpœna had been issued for them, and that the only effort made by the prosecutor to have them present was a letter to their superior officer requesting that they be present. It further appeared that one of the parties was then in the city of Monroe. The showing made by the prosecuting attorney was not sufficient, it did not show due diligence. The witnesses were material, and it was the duty of the prosecutor to have subpœnas issued for them and use such other means at hand to have them present at the

trial.    *People* v. *Swetland,* 77 Mich. 53; *People* v. *Vick,* 235 Mich. 475.

For these errors the judgment of conviction is reversed and remanded.

SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred with BIRD, J.

SHARPE, C. J.    I concur in reversal for second reason stated.    New trial granted.

WIEST, J., concurred with SHARPE, C. J.