PEOPLE v. DI LAURA.

1. CONSPIRACY—INVOLVES COMBINATION TO ACCOMPLISH FRAUD.
   Charge of conspiracy to defraud necessarily involves combination to accomplish fraud.

2. SAME—NECESSARY ELEMENT IS COMBINATION.
   To constitute conspiracy, there must exist combination to accomplish unlawful end, or lawful end by unlawful means.

On definition of conspiracy, see annotation in 12 L. R. A. 193.

3. SAME—CRIMINAL LAW—EVIDENCE.
   In prosecution for conspiring to obtain money by false pretenses,
   subtle means and devices, conviction was not justified where
   there was no proof of conspiracy.

Appeal from Recorder's Court of Detroit; Stein (Christopher E.), J.   Submitted April 14, 1932. (Docket No. 162, Calendar No. 35,720.)   Decided June 6, 1932.

Ottilio and Orlando Di Laura were convicted of conspiring to obtain money by false pretenses. Reversed, and new trial granted.

*Frank B. Ferguson* and *Joseph M. Weiss, Jr.*, for appellants.

*Paul W. Voorhies*, Attorney General, *Harry S. Toy*, Prosecuting Attorney, and *Walter Phillips* and *Edmund E. Shepherd*, Assistants Prosecuting Attorney, for the people.

WIEST, J.   The information charged defendants with conspiring to obtain money by false pretenses, subtle means and devices, from five named persons. Defendants were convicted and prosecute review.

Defendants operated a private bank and received money to be forwarded to Italy, and, it was claimed, converted the same to their own use.   There was also a count in the information for larceny by conversion, but this was waived by the prosecution at the close of all proofs.

The court was requested to instruct the jury as to what would constitute subtle means, devices, and false pretenses, but failed to do so.

The information charged a conspiracy to defraud. This necessarily involved a combination to accom-

plish a fraud. We find no evidence justifying the finding of a conspiracy. It appears that persons, without solicitation other than the existence of a bank, deposited money to be forwarded to Italy, and such money was not forwarded by defendants. Whether this constituted the crime of larceny by conversion we need not determine, for such charge was withdrawn.

To constitute a conspiracy, there must exist a combination to accomplish an unlawful end, or a lawful end by unlawful means.

The verdict was not supported by the proofs, and the convictions are reversed and new trials granted.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.