PEOPLE v SUTHERLIN

Docket No. 53361. Submitted February 2, 1982, at Grand Rapids.— Decided May 21, 1982.

Douglas E. Sutherlin was convicted of delivery of cocaine and conspiracy to deliver cocaine in the Kent Circuit Court, George V. Boucher, J. Defendant appealed, alleging the erroneous admission of hearsay statements of a coconspirator to prove the existence of the conspiracy and error in the court's failure to grant a directed verdict because the prosecutor did not disprove every reasonable theory consistent with innocence and because the court engaged in pyramiding inferences in denying the motion. *Held:*

1. A coconspirator's declarations made during the course and in furtherance of the conspiracy are admissible if a prima facie case of conspiracy is established by independent proof. The court did not err in admitting the statements.

2. Where the people's case is based on circumstantial evidence, the prosecution need not prove that there is no innocent theory possible which will, without violation of reason, accord with the facts. He need only present evidence sufficient to permit reasonable men to conclude that guilt has been established beyond a reasonable doubt where the physical possibility of the defendant's theory is not disproven but the evidence presented makes innocence most unlikely. There is sufficient evidence to support a finding of guilt in a criminal trial where the totality of the circumstantial evidence presented at trial gives rise to inferences of such a compelling nature with

References for Points in Headnotes

[1] 16 Am Jur 2d, Conspiracy § 46.

Necessity and sufficiency of independent evidence of conspiracy to allow admission of extrajudicial statements of coconspirators. 46 ALR3d 1148.

[2] 16 Am Jur 2d, Conspiracy § 42.

[3, 6] 21A Am Jur 2d, Criminal Law § 782.

29 Am Jur 2d, Evidence § 266.

30 Am Jur 2d, Evidence §§ 1091, 1125.

[4] 21 Am Jur 2d, Criminal Law § 320.

[5] 16 Am Jur 2d, Conspiracy §§ 13, 14.

respect to the defendant's participation in the criminal act that the trier of fact is convinced that the defendant is guilty beyond a reasonable doubt, notwithstanding the fact that some of the inferences may have been built upon other compelling inferences and that each of the defendant's hypotheses of innocence may not have been specifically rebutted. The court did not err in denying defendant's motion.

Affirmed.

1. CONSPIRACY — HEARSAY — RULES OF EVIDENCE.

A coconspirator's declarations made during the course and in furtherance of the conspiracy are admissible if a prima facie case of conspiracy is established by independent proof (MRE 801[d][2][E]).

2. CONSPIRACY — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

A prima facie case of conspiracy can be proven by way of circumstantial evidence and may be based on reasonable inferences drawn from the facts; there need not be direct proof of an agreement.

3. CRIMINAL LAW — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — BURDEN OF PROOF.

Where the people's case is based on circumstantial evidence, the prosecutor need not prove that there is no innocent theory possible which will, without violation of reason, accord with the facts; he need only present evidence sufficient to permit reasonable doubt where the physical possibility of the defendant's theory is not disproven but the evidence presented makes innocence most unlikely.

4. CRIMINAL LAW — DIRECTED VERDICT.

When ruling on a motion for a directed verdict of acquittal, a court must consider the evidence which had been presented by the prosecution up to the time the motion is made, view that evidence in the light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

5. CONSPIRACY — CONTROLLED SUBSTANCES.

Defendant's intent to sell controlled substances must be established in a prosecution for conspiracy to sell controlled substances, and to establish that intent, there must be evidence of knowledge of the unlawful purpose of sale; however, to prove the crime of conspiracy it must further be proven that that intent, including that knowledge, was possessed by more than

one individual since there can be no conspiracy without a combination of two or more persons.

6. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE — INFERENCES.

There is sufficient evidence to support a finding of guilt in a criminal trial where the totality of the circumstantial evidence presented at trial gives rise to inferences of such a compelling nature with respect to the defendant's participation in the criminal act that the trier of fact is convinced that the defendant is guilty beyond a reasonable doubt, notwithstanding the fact that some of the inferences may have been built upon other compelling inferences and that each of the defendant's hypotheses of innocence may not have been specifically rebutted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of unlawful delivery of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and conspiracy to commit the unlawful delivery of cocaine, MCL 750.157(a); MSA 28.354(1). He was sentenced to 3 to 20 years imprisonment on each count, said sentences to run concurrently. Defendant appeals as of right.

On February 8, 1979, at about 9 p.m. Robert Ungrey, an undercover police officer, and his partner drove to an apartment at 529-1/2 College Avenue Northeast in Grand Rapids pursuant to a tip from a police informant, Roger Swain. The informant accompanied the two officers. Ungrey and Swain went into the apartment while the

partner waited in the car parked out front. Upon entering the apartment, Swain introduced Ungrey to a man nicknamed "Scooter", who was later identified as Raymond Jaskiewicz. A conversation followed about drugs, specifically cocaine. Scooter made a phone call to a person called Doug and asked whether he had any cocaine and what it would cost. After finishing the call, Scooter told Ungrey it would cost $90 and that they would have to go to the Windy Ridge Apartments where he would talk to Doug who was supposed to obtain the cocaine from his brother.

The three men left the apartment and drove to the Windy Ridge Apartments. When they arrived, Ungrey got out of the car and he gave Scooter $90 in unmarked bills for the cocaine. Scooter then went to 1053 College and went inside the building. However, it was unknown which one of the six apartments in the building Scooter went into. The owner of the apartments testified that the defendant and his wife were tenants in that building on the day in question. After about 15 minutes, Scooter returned and told them they would have to go back to his place since Doug would bring the cocaine there. They drove back to Scooter's residence where they went inside and sat in the living room. Within a half hour, there was a knock at the back door. Scooter opened the door and let the suspect into the kitchen area of his residence. Ungrey was approximately 25-30 feet away from the suspect, whom he saw give a packet to Scooter. Ungrey was unable to overhear any of their conversation. The suspect stayed in the kitchen for about two minutes and then left. Scooter then handed the packet to Ungrey. The packet was later determined to be cocaine.

At trial, Ungrey was able to identify the suspect

as the defendant. At the close of the prosecution's case, the defendant moved for a directed verdict of acquittal on the conspiracy charge, which the trial court denied.

On appeal, defendant raises two issues. The first issue asserts that the trial court committed reversible error by admitting hearsay statements of a coconspirator to prove the existence of the alleged conspiracy. We disagree.

It is well settled that a coconspirator's declarations made during the course and in furtherance of the conspiracy are admissible if a prima facie case of conspiracy is established by independent proof. MRE 801(d)(2)(E); *People v Stewart,* 397 Mich 1, 6; 242 NW2d 760 (1976); *People v Scotts,* 80 Mich App 1; 263 NW2d 272 (1977). A prima facie case of conspiracy can be and is usually proven by way of circumstantial evidence and may be based on reasonable inferences drawn from the facts. There need not be direct proof of an agreement. *People v Taurianen,* 102 Mich App 17; 300 NW2d 720 (1980).

Therefore, the question here is whether the prosecution made at least a prima facie case of the alleged conspiracy beyond the hearsay declarations of the coconspirator. The evidence introduced by the prosecution was that Officer Ungrey gave Scooter money to purchase cocaine; they subsequently drove to an apartment building where defendant was a tenant; Scooter entered and departed from that building; a man, whom Ungrey later identified as the defendant, arrived at Scooter's residence within a half hour and handed him a packet which contained what was determined to be cocaine; Scooter then handed the packet to Ungrey. We find that the prosecution presented sufficient independent evidence to establish the

conspiracy which therefore made the coconspirator's statements admissible.

Defendant next claims that his motion for a directed verdict made at the close of the prosecution's case should have been granted. Defendant states that, because his conviction was based entirely on circumstantial evidence, the prosecution was required to disprove every reasonable theory consistent with defendant's innocence. Additionally, defendant argues that the trial court engaged in an impermissible pyramiding of inferences in denying his motion for a directed verdict.

It is clear from the record that the case against the defendant herein was based on circumstantial evidence. In a recent case, *People v McWilson,* 104 Mich App 550; 305 NW2d 536 (1981), this Court rejected the rule requiring the prosecution to disprove all possible innocent theories. Thus, contrary to defendant's contention, the prosecution was only required to prove its own theory beyond a reasonable doubt.

The proper standard of review of a denial of a defendant's motion for directed verdict of acquittal was established in *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1978), where the Supreme Court stated:

"In summary, the trial judge when ruling on a motion for a directed verdict of acquittal must consider the evidence presented by the prosecution up to the time the motion is made *[People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976)], view that evidence in a light most favorable to the prosecution, *People v Vail,* 393 Mich 460, 463; 227 NW2d 535 (1975), and determine whether a rational trier of fact · could have found that the essential elements of the crime were proven beyond a reasonable doubt *[Jackson v Virginia,* 443 US 307, 319; 99 S Ct 2781; 61 L Ed 2d 560 (1979)]."

Defendant was convicted of conspiracy to deliver cocaine. The elements of a conspiracy to deliver a controlled substance were summarized in *People v Atley,* 392 Mich 298, 310-311; 221 NW2d 465 (1974), as follows:

"Therefore, defendant's intent to sell marijuana must be established in the present case, and to establish that intent, there must be evidence of knowledge of the unlawful purpose of sale. To prove the crime of conspiracy, however, it must further be proven that that intent, including that knowledge, was possessed by *more than one* individual since there can be no conspiracy without a combination of two or more persons. *People v DiLaura,* 259 Mich 260; 243 NW 49 (1932). Where only one person had knowledge of the unlawful end, there is no combined intent to do what is unlawful. Perkins, On Criminal Law, 545 (1957).

"It must be shown that the respective conspirators intended to further, promote, or cooperate in the unlawful enterprise. The gist of the offense of conspiracy lies in the unlawful agreement between two or more persons. *People v Smith,* 296 Mich 176; 295 NW 605 (1941), *People v Asta,* 337 Mich 590, 611; 60 NW2d 472 (1953). Direct proof of agreement is not required, nor is it necessary that a formal agreement be proven. It is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact. 1 Wharton, Criminal Practice & Procedure, 178-179.

"Furthermore, conspiracy may be established and frequently is established by circumstantial evidence * * *." (Emphasis in original.)

In this case, the prosecution attempted to establish the element of defendant's knowledge of the conspiracy to deliver cocaine to Officer Ungrey by circumstantial evidence and based on inferences drawn from the following facts: (1) defendant's telling Scooter to go home to wait implied that he knew others were waiting in the car for the co-

caine; and (2) Officer Ungrey's observation of the defendant implied that the defendant saw Ungrey and knew he was the intended recipient of the cocaine.

Defendant cites *People v Atley, supra,* for the proposition that it is impermissible to build an inference upon an inference, where both are based on the same evidence. However, in *People v Orsie,* 83 Mich App 42, 47-48; 268 NW2d 278 (1978), *lv den* 408 Mich 857 (1980), this Court found the "inference upon inference" terminology to be misleading and expressed a preference to abandon it entirely. In attempting to clarify the *Atley* rule, this Court stated:

"Similarly, while we exercise the caution suggested in the *Atley* footnote, we find the statement in the Federal case of *Dirring v United States* clear and instructive:

" 'The defendant cautions us against "piling inference upon inference." As interpreted by the defendant this means that a conviction could rarely be justified by circumstantial evidence. [Citation omitted.] The rule is not that an inference, no matter how reasonable, is to be rejected if it, in turn, depends upon another reasonable inference; rather the question is merely whether the total evidence, including reasonable inferences, when put together is sufficient to warrant a jury to conclude that defendant is guilty beyond a reasonable doubt. [Citations omitted.] If enough pieces of a jigsaw puzzle fit together the subject may be identified even though some pieces are lacking. Reviewing the evidence in this case as a whole, we think the jury was warranted in finding beyond a reasonable doubt the picture of defendant Dirring.' " (Footnotes omitted.)

Accord, *People v Williams,* 94 Mich App 406, 414-417; 288 NW2d 638 (1979); *People v McWilson, supra,* 554-555.

Consequently, following the *Orsie* approach, the issue is whether the circumstantial evidence was

sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt. We find that the jury could reasonably infer from the evidence that the defendant knew that Scooter would deliver the cocaine to Officer Ungrey. We affirm therefore the trial court's order denying defendant's motion for a directed verdict.

Affirmed.