PEOPLE v SARGENT

Docket No. 62573. Submitted August 19, 1982, at Detroit.—Decided
    February 16, 1983.

Larry Sargent was convicted of breaking and entering an occu-
    pied dwelling with intent to commit larceny, first-degree crimi-
    nal sexual conduct, and armed robbery, Recorder's Court of
    Detroit, Leonard Townsend, J. Defendant appeals, alleging,
    *inter alia,* error in the trial court's denial of defendant's motion
    for a trial separate from a codefendant and the court's im-
    proper admission of rebuttal testimony from a witness. *Held:*

    1. Defense counsel had made a sufficiently clear and affirma-
    tive showing that the defendant would be substantially preju-
    diced by a joint trial. The trial court's denial of the defendant's
    motion for a separate trial was an abuse of discretion.

    2. The prosecutor was erroneously allowed to present the
    testimony of a witness, in rebuttal to defendant's testimony on
    cross-examination, which properly belonged in the prosecutor's
    case in chief.

    Reversed and remanded.

1. CRIMINAL LAW — SEPARATE TRIAL — JUDGE'S DISCRETION.

    Generally, a defendant does not have a right to a separate trial;
    however, a trial court has the discretion to decide whether
    multiple defendants should be tried jointly or separately, and
    the trial court's decision to grant or deny a motion for separate
    trial will be upheld absent an abuse of discretion (MCL 768.5;
    MSA 28.1028).

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 75 Am Jur 2d, Trial § 17.
[2] 75 Am Jur 2d, Trial § 21.
    Antagonistic defenses as ground for separate trials of codefendants
    in criminal case. 82 ALR3d 245.
[3] 5 Am Jur 2d, Appeal and Error §§ 545, 548, 549, 554.
    75 Am Jur 2d, Trial & 10.
[4] 81 Am Jur 2d, Witnesses §§ 478, 479.
    Construction and application of provision of Rules 611(b) of Federal
    Rules of Evidence that cross-examination should be limited to
    subject matter of direct examination. 45 ALR Fed 639.

2. CRIMINAL LAW — SEPARATE TRIAL — ANTAGONISTIC DEFENSES.

   A defendant is entitled to a trial separate from that of a codefendant if the multiple defenses are shown to be antagonistic, as when a codefendant may testify to exculpate himself and to incriminate the defendant.

3. CRIMINAL LAW — SEPARATE TRIAL — PREJUDICE TO DEFENDANT.

   An affirmative showing of prejudice to substantial rights of a defendant must have been made at the time of a motion for a separate trial before the Court of Appeals may find that the trial court abused its discretion by denying that motion; such a showing may be made by the submission, with the motion for separate trials, of an affidavit defining the inconsistencies between the defenses of the defendant and his codefendants, or by otherwise making the trial court aware of clear inconsistencies in the defenses.

4. CRIMINAL LAW — CROSS-EXAMINATION OF DEFENDANT — REBUTTAL TESTIMONY.

   A prosecutor may not, by eliciting a denial from a defendant on cross-examination, inject a new issue into the case or use the denial to revive the right to introduce evidence by way of rebuttal that could have been, but was not, introduced in the prosecutor's case in chief.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant on appeal.

Before: BRONSON, P.J., and MACKENZIE and K. N. SANBORN,* JJ.

PER CURIAM. Defendant was convicted by a jury as charged of: (I) breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, (II) first-degree criminal sex-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ual conduct, MCL 750.520b(1); MSA 28.788(2)(1), and (III) armed robbery, MCL 750.529; MSA 28.797. The trial court sentenced defendant to 10 to 15 years imprisonment for the breaking and entering conviction and two life sentences for the CSC and robbery convictions. Defendant appeals as of right.

Defendant raises eight issues in this appeal, of which only two merit discussion. The first is a challenge to the trial court's denial of defendant's motion for a trial separate from codefendant Luther Spencer Long. The second is whether the trial court erred by permitting the prosecutor to elicit rebuttal testimony from codefendant Long's sister.

Prior to trial, both defendants moved for separate trials stating that their defenses were inconsistent. Codefendant Long also moved to suppress an extrajudicial written statement. The trial court denied both motions. On the first day of trial, defendant again moved for a separate trial. Defendant had previously filed a notice of alibi defense. Counsel for codefendant Long stated his client intended to take the stand and testify consistently with his extrajudicial statement. In that statement, Long admitted participating in the breaking and entering and incriminated defendant as his partner in that crime. The trial court responded:

"Now, there are instances where one person has committed an offense and the witness has said one person committed the offense, and you have two people on trial and one accusing the other of being that one person who committed the offense. But there is testimony in this instance that this crime was committed by at least two persons, and the fact that your defendant chooses or you might choose to say that one is going to testify against the other does not mean that the court has to accept that as a reason for severance."

As a general rule, a defendant does not have a right to a separate trial. *People v Hurst,* 396 Mich 1, 6; 238 NW2d 6 (1976). A trial court has the discretion to decide whether multiple defendants should be tried jointly, MCL 768.5; MSA 28.1028. The trial court's decision to grant or deny a motion for separate trial is upheld absent an abuse of that discretion. *People v Billingslea,* 70 Mich App 371; 246 NW2d 4 (1976). Nevertheless, a defendant is entitled to a separate trial if multiple defenses are shown to be antagonistic; that is, when a codefendant may testify to exculpate himself or herself and incriminate the defendant. *Hurst, supra.*

The focus on appellate review of a trial court's grant or denial of a motion for separate trial is on what the trial court is made aware of by defense counsel before trial begins, rather than what actually happens during trial. *People v Gibbs,* 120 Mich App 485; 328 NW2d 65 (1982). Thus, defense counsel must support the motion for separate trial with an affirmative showing of prejudice to substantial rights of the accused, *People v Carroll,* 396 Mich 408; 240 NW2d 722 (1976), before this Court will find that a trial court abused its discretion by denying the motion. See *People v Kramer,* 108 Mich App 240, 256; 310 NW2d 347 (1981). A defendant may establish the affirmative showing of prejudice to the defendant by submitting an affidavit defining the inconsistencies between the defenses with the motion for separate trials. *Kramer, supra.*

In this case, defendant did not submit an affidavit with his motion. However, his counsel did affirmatively show that defendant would be substantially prejudiced by a joint trial. When defendant renewed his motion, the trial court was

aware that defendant would present an alibi defense, thus denying participation in the charged crimes. The trial court also was aware that codefendant Long's extrajudicial statement would be introduced by the prosecutor in the people's case in chief. That statement clearly incriminated defendant as Long's partner in the breaking and entering and as the initiator of the crime. Moreover, although the trial court ordered that defendant's name in the statement be replaced with a letter initial pursuant to *Bruton v United States,* 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), the trial court was also aware that codefendant Long would testify at trial in a manner consistent with that statement. Thus, while the trial court was correct in determining that this case was not a classic confrontation between two codefendants, each accusing the other, the trial court was made aware of clear inconsistencies in the defenses. Therefore, defendant clearly and affirmatively showed that he was entitled to a separate trial.

Indeed, the conflicting defenses materialized at trial. The prosecutor did introduce Long's statement in his case in chief. Long's testimony did incriminate defendant as his partner in the breaking and entering. Long denied that he raped the complainant or committed armed robbery. While Long did not exculpate himself of the rape and armed robbery by directly incriminating defendant of committing those crimes, Long's statement and testimony tended to inferentially incriminate defendant of those or other greater offenses.

Although we reverse because we find that the trial court abused its discretion by denying defendant's motion for a separate trial, we find it necessary to address the issue of the prosecutor's introduction of inappropriate rebuttal testimony. In

response to the prosecutor's question on cross-examination, defendant denied that he went to codefendant Long's house on the day after the robbery to drop off Long and deliver the stolen items that were later found by police officers in Long's bedroom. After defendant testified, the prosecutor moved to present a witness, codefendant Long's sister Lydia Long, who would rebut that denial. Defense counsel objected, arguing that Ms. Long's testimony belonged in the people's case in chief.

In a separate record, Ms. Long testified that she did not see defendant drop off her brother on the day after the robbery, but did see defendant pick her brother up earlier that day. The trial court granted the prosecutor's motion, finding Ms. Long's testimony admissible as rebuttal evidence and relevant because "[it] shows the state of mind". Ms. Long subsequently testified before the jury.

The trial court erred by permitting Ms. Long to testify in rebuttal. In *People v Losey,* 413 Mich 346, 352; 320 NW2d 49 (1982), the Court said that the device of eliciting a denial on cross-examination may not be used to inject a new issue in a case or be used to revive the right to introduce evidence that could have been, but was not, introduced in the prosecutor's case in chief. Ms. Long's testimony introduced evidence that belonged in the prosecutor's case in chief.

Reversed and remanded.