PEOPLE v MOSCARA

Docket No. 71014. Submitted October 5, 1984, at Lansing.—Decided
January 23, 1985.

James Moscara was convicted of conspiracy to deliver less than
50 grams of cocaine following a bench trial in Washtenaw
Circuit Court and was sentenced, Patrick J. Conlin, J. Defen-
dant appealed. *Held:*

1. The trial court did not err in denying defendant's oral
motion for a separate trial shortly before the trial began. No
affirmative showing of prejudice to any substantial rights of the
defendant was made.

2. Defendant's contention that the trial court erred by admit-
ting statements of co-conspirators before a conspiracy had been
established by a preponderance of the evidence is rejected. A
conspiracy was shown by a preponderance of the evidence prior
to the admission of the statements.

Affirmed.

1. CRIMINAL LAW — TRIAL — JOINDER.

There is a strong public policy in favor of joint trials; the general
rule is that a criminal defendant does not have a right to a
separate trial.

2. CRIMINAL LAW — SEPARATE TRIALS — APPEAL.

A trial court has the discretion to decide whether multiple

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 75 Am Jur 2d, Trial §§ 17, 18.
  Right of defendants in prosecution for criminal conspiracy to sepa-
  rate trials. 82 ALR3d 366.
[2] 4 Am Jur 2d, Appeal and Error § 82.
  5 Am Jur 2d, Appeal and Error § 772 *et seq.*
[3] 75 Am Jur 2d, Trial § 20 *et seq.*
[4] 5 Am Jur 2d, Evidence § 1176.
  16 Am Jur 2d, Conspiracy § 45 *et seq.*
  Comment note on necessity and sufficiency of independent evidence
  of conspiracy to allow admission of extra-judicial statements of
  co-conspirators. 46 ALR3d 1148.
[5, 6] 16 Am Jur 2d, Conspiracy §§ 10, 15.
[6, 7] 16 Am Jur 2d, Conspiracy § 42.
[7] 29 Am Jur 2d, Evidence §§ 159-162.

defendants should be tried jointly or separately, and the trial court's decision to grant or deny a motion for separate trial will be upheld absent an abuse of discretion (MCL 768.5; MSA 28.1028).

3. CRIMINAL LAW — MOTION FOR SEPARATE TRIALS — SHOWING OF PREJUDICE.

A motion for separate trials must be supported by an affirmative showing of prejudice to substantial rights of the defendant.

4. CONSPIRACY — EVIDENCE — STATEMENTS OF CO-CONSPIRATORS.

A conspiracy must be shown by a preponderance of the evidence before statements of a co-conspirator can be admitted at trial (MRE 801[d][2][E]).

5. CONSPIRACY — EVIDENCE — OVERT ACT.

A conspiracy is a mutual agreement, express or implied, between two or more persons to commit a criminal act or to accomplish a legal act by unlawful means; the crime is complete upon the formation of the agreement, and it is not necessary to establish any overt act in furtherance of the conspiracy.

6. CONSPIRACY — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

Direct proof of agreement is not required to convict a defendant of conspiracy, nor is it necessary that a formal agreement be proven; the circumstances, acts, and conduct of the parties may be used to establish an agreement in fact.

7. CONSPIRACY — EVIDENCE — CIRCUMSTANTIAL EVIDENCE — INFERENCES.

A conspiracy may be established by circumstantial evidence and may be based on inference.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Dale J. Crowe,* for defendant on appeal.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted of conspiracy to deliver less than 50 grams of cocaine, MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv); MCL 750.157(a); MSA 28.354(1). Defendant was sentenced to from 7-1/2 to 20 years' imprisonment. Defendant appeals to this Court as of right.

Defendant's first claim on appeal is that the trial court erred in refusing to grant a motion for a separate trial which was made orally shortly before the trial began. We find no error.

There is a strong public policy in favor of joint trials. Defendants do not have an absolute right to separate trials. *People v Byrd,* 133 Mich App 767, 776; 350 NW2d 802 (1984); *People v Jones,* 126 Mich App 191; 336 NW2d 889 (1983); *People v Meyers (On Remand),* 124 Mich App 148, 156; 335 NW2d 189 (1983).

The decision to hold separate trials is a matter within the discretion of the trial court. MCL 768.5; MSA 28.1028. A decision to deny separate trials will not be reversed absent an abuse of discretion. *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135; 324 NW2d 782 (1982), *cert den sub nom Fuentes v Michigan,* — US —; 104 S Ct 529; 78 L Ed 2d 711 (1983). A motion for separate trials must be supported by an affirmative showing of prejudice to substantial rights of the defendant. *People v Sargent,* 124 Mich App 485; 335 NW2d 13 (1983). The record in this case indicates that there was no affirmative showing of prejudice made when defense counsel made the motion. Without such a showing we cannot conclude that the trial court abused its discretion in denying the motion.

Defendant has also suggested that the trial court denied this motion because only four days' notice was given. We find that the record is unclear in

this regard; in fact it appears that defense counsel may have actually withdrawn the motion before the trial court ruled on it. Even if the four-day notice requirement did form the basis for the denial of the motion, the refusal to dispense with the requirement is grounds for reversal only where prejudice is shown on the record. *People v Hall,* 238 Mich 401; 213 NW 715 (1927). Defendant has failed to show any prejudice resulting from the trial court's refusal to forego the notice requirement. The trial court did not err in denying defendant's motion to sever.

Defendant's remaining claims on appeal involve evidence relating to the conspiracy charge. Defendant claims that the trial court erred by admitting statements of co-conspirators before a conspiracy had been established by a preponderance of the evidence. One statement was made by telephone to Detective McAllen by Denise Beach. The other involved Steven Beach's reference to his "connection".

Under MRE 801(d)(2)(E) a statement by a co-conspirator in furtherance of a conspiracy is admissible if there is independent proof of the conspiracy. Accordingly, such statements are admissible as to the substantive offense only after independent evidence of a conspiracy is shown. *People v Vega,* 413 Mich 773, 780; 321 NW2d 675 (1982).

A conspiracy must be shown by a preponderance of the evidence before the statements of a co-conspirator can be admitted at trial. *Vega, supra,* p 782. Defendant contends there was insufficient independent proof of the conspiracy to satisfy this evidentiary requirement.

A conspiracy is defined as a mutual agreement, express or implied, between two or more persons, to commit a criminal act or accomplish a legal act by unlawful means. *People v Carter,* 415 Mich 558,

567; 330 NW2d 314 (1982). It has been said that the gist of the offense of conspiracy lies in the unlawful agreement. *People v Atley,* 392 Mich 298, 311; 220 NW2d 465 (1974). The crime is complete upon formation of the agreement; no overt act in furtherance of the conspiracy is necessary. Direct proof of the agreement is not required, nor must a formal agreement be proven. The circumstances, acts, and conduct of the parties may be used to establish an agreement in fact. The conspiracy may be established by circumstantial evidence and may be based on inference. *Atley, supra; People v Sutherlin,* 116 Mich App 494, 498; 323 NW2d 456 (1982).

The question in this case is thus reduced to the following inquiry: Did a preponderance of the evidence show that a conspiracy existed thus making the statements of the co-conspirators admissible? An examination of the evidence establishes that an agreement, and thus a conspiracy, was shown by a preponderance of the evidence.[1]

Exclusive of the co-conspirators' statements, the prosecution's case in chief showed that Detective McAllen received a telephone call from Denise Beach, a co-conspirator. As a result of that phone call, McAllen arranged to meet Beach at the Aura Inn. McAllen and Detective Winters met Steven Beach and Denise Beach at a park behind the Inn. The Beaches inquired as to whether the detectives had the money for the buy. Steven Beach departed and returned with defendant's girlfriend, Tracy Coleman, and an ounce of cocaine, which was sold

---

[1] Defendant has also claimed that the trial court erred by allowing the order of proofs to be changed. The trial court allowed the statements of the co-conspirators to be admitted conditionally, pending proof of the conspiracy. This was within the trial court's discretion. MRE 104(b); *People v McCrea,* 303 Mich 213, 249; 6 NW2d 489 (1942); *People v Iaconis,* 29 Mich App 443, 468; 185 NW2d 609 (1971). We find no abuse of discretion by the trial court.

to McAllen. Steven Beach left and walked over to the bar at the nearby Aura Inn. Defendant was observed in the bar by Officers Wireman and Coker. Arrangements were made between Steven Beach and McAllen to purchase a second ounce of cocaine. Defendant was seen observing the transaction from the Aura Inn by Wireman and Coker.

The second purchase of cocaine took place at Sharon Park, a highway rest stop. Winters, McAllen, and Steven and Denise Beach drove there together. The four waited at the park. The surveillance team observed Tracy Coleman arrive near the park with defendant, heard him leave the car, and saw him standing on a hill overlooking the park. Steven Beach got into Coleman's car and emerged with a "baggie" containing cocaine. The cocaine was sold to McAllen. Steven Beach asked if McAllen would "front" the money for two more ounces of cocaine. When McAllen refused, Beach then had a conversation with the defendant in the park. Arrangements were made between McAllen and Beach for a third transaction. Steven Beach departed with Coleman. Denise Beach got into the car with McAllen and Winters in order to direct them to another park where the third ounce of cocaine would be transferred.

Officers Wireman and Coker stopped Coleman's car a short time later while Steven Beach was driving. Coleman and defendant were also in the car. Steven Beach had $100 in marked police funds on his person. Coleman had the balance of the marked funds used for the purchase in her purse.

The above facts were sufficient to establish a conspiracy by a preponderance of the evidence. The illegal purpose was shown by the cocaine deliveries. The agreement is clearly implied by defendant's presence at the scene of the second transaction, his close observation of the first trans-

action, and especially by the conversation McAllen observed between Steven Beach and defendant when the second transaction was completed. The fact that there was some consultation between the two indicates a concert of action. Moreover, the evidence showed that defendant has positioned himself to observe the transactions and to be readily accessible to assist the more active participants. The evidence unequivocally showed that defendant exited from Coleman's car before the second transaction in Sharon Park and reentered the vehicle after being closely involved with the transaction. He was in the car when it was stopped by Wireman and Coker. These facts establish a conspiracy by a preponderance of the evidence. The defendant's close involvement with the transaction establishes an implied agreement to commit a criminal act. Two or more persons were clearly involved. The illegal purpose was shown by the cocaine transactions. The circumstances, acts, and conduct of the parties established the conspiracy, laying the foundation for admission of the statements by Denise and Steven Beach. The trial court could properly consider the contents of the telephone conversation between McAllen and Denise Beach and Steven Beach's references to his "connection" under MRE 801(d)(2)(E) as evidence of the substantive offense. *Vega, supra.*

Defendant's conviction is affirmed.